THE PRESIDENT AND TRUSTEES OF THE TOWN OF WAVERLY

*v.*

CASPER KEMPER.

1. CERTIORARI—*under the statute—of the diligence required in respect to an appeal.* It is not sufficient to authorize the issuing of a writ of *certiorari,* that a party has used reasonable diligence to effect an appeal, without success. The language of the statute requires that he should show it was out of his power to have taken an appeal in the ordinary way.

2. So, where a party against whom a judgment had been rendered before a justice of the peace, in his endeavor to take an appeal to the circuit court, sent his appeal bond, duly executed, to his attorney by mail, it was *held,* although the appeal bond was mailed in such time that in the usual course of transmission it should have reached the attorney in proper time for filing, yet, if the bond failed to reach its destination in proper time for the purposes of the appeal, there was not such diligence as would authorize a writ of *certiorari.* The party might have taken his bond in person, and filed it in the office of the clerk of the circuit court. Choosing to send it by mail, he took the hazards of his success.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. M. T. LAYMAN, and Mr. GEORGE W. SMITH, for the appellants.

Per CURIAM: On the 6th of July, 1875, the president and trustees of the town of Waverly recovered a judgment against Casper Kemper, before a justice of the peace, in the sum of $150. On the 6th of September, 1875, Casper Kemper sued out a writ of *certiorari*, to the circuit court of Morgan county. At the November term of the court, and on the 10th of November, 1875, the plaintiff moved the court to quash the writ of *certiorari*, upon the ground that the petition for *certiorari* was insufficient, and this motion, on the 13th of November, 1875, was overruled. During the same term, on the 11th day of December, 1875, the defendant, on motion of the plaintiff, was ruled to file an additional appeal bond, and the case was continued. On the 22d day of December, 1875, the defendant filed a new appeal bond, which was approved. At the November term, 1876, the case being called, and the parties being present in court by their attorneys, the plaintiff failed to prosecute his suit any further, and the court dismissed the action for want of prosecution. To this ruling the plaintiff excepted. The defendant was present in court, and also objected to the dismissal of the case, demanding a trial upon the merits. The plaintiff appeals to this court, and assigns for error the ruling of the court in refusing to dismiss the *certiorari* at the November term, 1875.

The ruling of the court in refusing to dismiss the *certiorari* was undoubtedly erroneous. The petition sufficiently shows that the judgment before the justice of the peace was unjust and erroneous; but it fails to show "that it was not in the power of the party to take an appeal in the ordinary way."

In this regard the petition states that the defendant applied to the justice of the peace on the day the judgment was rendered, to take an appeal, and he refused to allow the appeal

unless he would file a bond, with security, in the sum of $1000, that he would not retail any more liquor in the village; that thereupon he applied to attorneys in Jacksonville, who advised him that he might take an appeal by filing a bond with the clerk of the circuit court. It further states, that he applied to the clerk of the circuit court, and suggested the name of his surety, which was approved by the clerk, and thereupon he received from the clerk a blank appeal bond and took it to his home in Waverly, a distance of twenty miles from Jacksonville, and there executed the same, filling the blanks properly, and procured it to be executed by the security mentioned to the clerk, and forwarded the same by mail, addressed to his attorneys in Jacksonville; that the package containing this bond was mailed at Waverly on the 22d day of July, 1875, and that by due course of mail it ought to have reached Jacksonville on the 23d of July, and have been filed with the clerk on that day by his attorney, but that, from some cause unknown to the petitioner, the package was not received by his attorneys until the 27th day of July, at Jacksonville, which was after the time allowed by the statute for appealing had expired.

This was not due diligence. It is not sufficient to authorize the issuing of a writ of *certiorari* that a party should have used reasonable diligence to effect an appeal, without success. The language of the statute requires that he should show that it was out of his power to take an appeal in the ordinary way. He might have taken this bond in person, and have filed it in the office of the clerk of the circuit court. Choosing to send it by mail, he took the hazards of his success. The motion to quash the writ of *certiorari* and dismiss the appeal, made at the November term, 1875, ought to have been sustained.

For this error the majority of the court hold that this judgment must be reversed, and the cause remanded with directions to quash the writ of *certiorari*, and dismiss the appeal taken to the circuit court.

*Judgment reversed.*