ELLWOOD JARRETT

*v.*

ROBERT R. PHILLIPS *et al.*

</div>

1. APPEAL—*jurisdiction of circuit court.* On the trial of an appeal from a justice of the peace, where the action is for goods sold and delivered for a sum within the jurisdiction of the justice, and the parties on both sides appear and go to trial without objection, the circuit court will have jurisdiction, although the justice's transcript may not have been filed in that court ten days before the commencement of the term.

2. The filing of the justice's transcript in the circuit court ten days before the commencement of the term, in case of an appeal, is not essential to the jurisdiction of the circuit court, when the parties all appear and go to trial upon the merits without objection for that reason.

3. DEPOSITION—*taken before justice, may be read on appeal.* A deposition taken on proper notice and in conformity to law, in a suit whilst pending before a justice of the peace, may be properly read in the circuit court on the trial of the same cause on appeal.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. McDAID & KNIGHT, for the appellant.

Messrs. HOLMES, RICH & NOBLE, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was originally commenced before a justice of the peace, and, on the trial of defendant's appeal in the circuit court, substantially the same judgment rendered as was ren-

dered in the lower court. One ground of error insisted upon is, the circuit court had no jurisdiction of the subject matter of the suit when it assumed to try the cause and pronounced judgment. As the action was for goods sold and delivered for a sum within the jurisdiction of a justice of the peace, and as the parties on both sides appeared and entered upon the trial without objection, it is difficult to understand what was wanting to confer jurisdiction upon the circuit court. It is said that court did not acquire jurisdiction because the transcript of the proceedings in the lower court was not filed ten days before the commencement of the term of court to which the appeal was taken,—but that was not essential to confer jurisdiction on the court when the parties all appeared without objection for that reason, and tried the case on its merits. Had the party now complaining made no appearance in the circuit court, then, under the decision in *Hayward* v. *Ramsey*, 74 Ill. 372, the court would have had no jurisdiction to try the cause in his absence.

There was no error in permitting the deposition taken to be read in the trial before the justice of the peace, to be read on the trial in the circuit court. It was taken in the cause pending between the parties, upon due notice, in strict accordance with the provisions of the statute, and it was competent to read it on the trial of the cause *de novo* in the circuit court on defendant's appeal.

The judgment will be affirmed.

*Judgment affirmed.*