# TILTON *v.* LARAMIE COUNTY A. & M. ASSOCIATION.

(*Supreme Court Colorado, December 5, 1882—Error to the County Court of Larimer County.*)

1. CERTIORARI. Will not be allowed a party who, by his own negligence, fails to avail himself of the proper remedy in apt time.

BECK, J.   This was an appeal by the defendant in error from the judgment of a justice of the peace to the District Court, by means of the statutory writ of *certiorari.*

A motion was made in the District Court by the plaintiff in error to quash the writ, and to dismiss the appeal, the grounds assigned being the insufficiency of the petition to warrant the issuing of the writ.   This motion was denied, and the plaintiff, Tilton, declining to prosecute his case *de novo*, the judgment of the justice of the peace was reversed with costs, to all of which rulings and judgment the plaintiff excepted.

The question presented for our consideration is the sufficiency of the petition on which the writ of *certiorari* was awarded.

The statute requires the petition to "set forth and show, on the oath of the applicant, that the judgment before the justice of the peace was not the result of negligence of the party praying for such writ, that the judgment, in his opinion, is erroneous and unjust, setting forth wherein the error and injustice consists, and that it was not in the power of the party to take an appeal in the ordinary way; setting forth the particular circumstances which prevented him from so doing."   General Laws, p. 560.

In order to conform the petition to the requirements of the statute, it must show that a due degree of diligence was used, not only to prevent the judgment from going against the applicant, but likewise to take an appeal in the ordinary way. The petition for the writ is defective in both points.   The only reason assigned for the petitioner's failure to attend and defend the case before the justice, and afterwards to prosecute an ordinary appeal from Tilton's judgment, is that, prior to the day of trial, Tilton, in a conversation with the petitioner, told peti-

tioner he would have the suit dismissed, and cause petitioner no further trouble or expense in reference thereto.

The petitioner, however, not being a natural person, but a corporation, the promise to dismiss the suit must, necessarily, have been made to some person or persons who either represented, or assumed to represent, the corporation.

The petition is signed thus: "The Larimer County Agricultural and Mechanical Association, by its attorneys, Norville & Hilton."

One Pendergast, asserting himself to be a member and director of the association, makes oath to the truth of the allegations of the petition, but does not state that the conversation and promise relied upon occurred in his hearing, nor to whom the promise was made, nor does he state any facts showing how he procured his information that such a conversation actually occurred.

If the naked promise of a plaintiff to dismiss a pending action is sufficient to excuse a party defendant from any further attention to the case, it certainly can only have this effect when made to some one duly authorized to represent the defendant.

In order that this material fact may be made to appear, the petition should state distinctly, in a case like this, where the defendant is a corporation, to what natural person or persons the promise was made, and what his legal relations were to the corporation.

The loose statement of a promise by the plaintiff to a corporation to dismiss the suit pending against it, does not satisfy the particularity of detail required by the statute.

We are likewise of opinion that the exercise of an ordinary degree of diligence in such a case, would have caused an inquiry to have been made at the justice's office, before the time for taking an appeal in the ordinary way had expired, as to the disposition which had, in fact, been made of the case.

The failure to attend before the justice on the return day of the summons, or to institute any inquiry concerning the disposition of the case afterward, must, under the circumstances, be regarded as involving such a degree of negligence as is fatal to the proceeding by *certiorari*. *Lord et al.* v. *Burke*, 4 Gil., 367; *Clifford* v. *Waldrop*, 23 Ills., 336; *First National Bank of*

*Chicago* v. *Beresford,* 78 Ills., 391; *Town of Waverly* v. *Kemper,* 88 Ills., 579.

The judgment of the District Court is reversed, with directions to quash the writ of *certiorari,* and to dismiss the appeal.

*Judgment reversed.*

*Rhodes & Love,* and *Robinson & Courtney,* for plaintiff in error.

*Jas. W. Norville,* for defendant in error.