Darmstædter v. Armour.

Judgment affirmed.

---

FERDINAND DARMSTÆDTER

v.

PHILIP D. ARMOUR ET AL.

1.  CERTIORARI.—No reason being shown why the appellant did not take an appeal from the justice in the ordinary way, the writ of certiorari *held* to have been properly quashed.

2.  PRACTICE—CERTIORARI.—The fact that the transcript from the justice had not been filed and the appearance of the appellee entered ten days before the term is no obstacle in the way of quashing and vacating a writ of certiorari which the court has improvidently issued.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.  Opinion filed December 16, 1885.

Mr. WILLIAM A. SCHONFELD, for appellant; that the cir-

cuit court has no jurisdiction to dismiss an appeal unless the transcript from the justice of the peace has been filed ten days before the term, cited Faas v. O'Conner, 6 Bradwell, 593; Camp v. Hogan, 73 Ill. 228; Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley, 89 Ill. 477; Pratt v. Bryant, 2 Bradwell, 314; Robinson v. Allen, 11 Bradwell, 574; McManus v. v. McDonough et al., 4 Bradwell, 180.

Messrs. CLIFFORD, ANTHONY & PAULSEN, for appellees; as to what a petition for *certiorari* must show, cited Hurd's Rev. Stat. 1885, Sec. 76, Chap. 79; Cushman v. Rice, 1 Scam. 566; Gallimore v. Dazey, 12 Ill. 144; Murray v. Murphy, 16 Ill. 277; Russell v. Pickering, 17 Ill. 31; Clifford v. Waldrop, 23 Ill. 337; First Nat. Bank v. Beresford, 78 Ill. 392.

BAILEY, P. J.   This case was an appeal from an order of the circuit court quashing a writ of *certiorari*, by which the appellant sought to remove a cause into that court from before a justice of the peace.   We are of opinion that the writ was properly quashed.

To entitle a party to a *certiorari* it must appear from his petition, 1, that the judgment before the justice of the peace was not the result of negligence on his part; 2, that the judgment is unjust and erroneous; and 3, that it was not in the power of the petitioner to take an appeal in the ordinary way. As to the first and third of these requisites, the appellant's petition is clearly insufficient, and as to the second, we are inclined to the opinion that no such injustice or error is shown as would entitle the petitioner to the writ.

It appears from the justice's transcript attached to the petition, that the judgment was for $174.62 and costs, and that it was rendered upon a demand in favor of the appellees for goods fraudulently obtained from them by the appellant and by him wrongfully converted to his own use.   The petition admits an indebtedness to the appellees for about the amount of the judgment, for goods sold and delivered, but denies obtaining any goods from the appellees by fraud or in a tortious manner; and the only injustice or error alleged is, that the recovery was had in an action in the form of trover rather

than of assumpsit. So long as the recovery is for no more than is justly due the appellees, it is difficult to see how the appellant has suffered any substantial injustice growing out of the mere form of action in which the recovery was had.

The appellant, though duly served with summons, did not appear or attempt to interpose any defense. The summons was in the usual form, requiring him to answer the complaint of the appellees for a failure to pay them a certain demand not exceeding two hundred dollars, but did not indicate whether the demand sued for was in assumpsit or trover. The only excuse for not appearing shown by the petition is, that the appellee had then lately failed in business and become insolvent, owing debts to various parties, among which was the indebtedness to the appellees; that he had no defense to said indebtedness, and not being in a condition to make any payment, he had no occasion to appear, and therefore did not appear at the trial, but was perfectly willing that the appellees·should obtain a judgment in assumpsit against him for the amount of their claim; that after the service of the summons he consulted an attorney in relation to the suit, who, after examining the summons, advised him that it was an ordinary summons in assumpsit, and that the appellees could only recover a judgment against him in that form of action, and that it was useless to make a defense, as he owed the claim.

No reason is shown why the appellant did not take an appeal in the ordinary way. It does not appear that he gave the matter of the judgment the slightest attention from the day it was rendered until the time allowed by law for perfecting an appeal had expired. On the contrary, the petition states that he had no knowledge or information as to the nature of the judgment until more than twenty days had elapsed, and then not until he was arrested on a *ca. sa.* issued thereon and committed to jail.

It is clear from this showing that if the judgment is in any degree unjust or erroneous, it is the result of the appellant's own negligence, and that there was no obstacle whatever to prevent his taking an appeal in the ordinary way. The summons was one under which the appellees were entitled to recover in any form of action within the jurisdiction of a jus-

tice of the peace, and it was incumbent upon the appellant to appear and contest any claim to which he had a defense or abide the consequences of his neglect. He was not misled, unless by the advice of his attorney, but seems to have relied for his protection upon his insolvency, and his ability to defeat the collection of any judgment the appellees might recover against him, and he does not appear to have become impressed with the importance of having the suit properly defended, until his body was taken in execution on a *ca. sa.*, issued long after his right to an appeal had expired. The petition was clearly insufficient, and a writ of *certiorari* having been improvidently awarded thereon, was properly quashed.

The fact that the transcript from the justice had not been filed and the appearance of the appellees entered ten days before the term, was no obstacle in the way of quashing and vacating a writ which the court had improvidently issued, and the authorities cited, which hold that an appeal from a justice of the peace, when once properly perfected, can not be dismissed unless the transcript has been filed and the appearance of the appellees entered ten days before the term, have no application.

It was not improper for the court, on quashing the *certiorari*, to award a *procedendo* to the justice. The execution of the justice's judgment had been suspended and superseded by the *certiorari*, and the *procedendo* was merely a notification to the justice that the *supersedeas* had been vacated, and that he was authorized to proceed with the execution of his judgment.

There being no error in the record, the judgment will be affirmed.

Judgment affirmed.