# In the matter of the will of JOHN NOBLE, deceased.

*Filed at Ottawa March 26, 1888.*

1. PROBATE OF WILL—*who may be witnesses, in case of appeal.* On the trial of an appeal from an order of the county court probating a paper as a will, the evidence will be properly confined to that of the subscribing witnesses.

2. SAME—*"credible witnesses," to attest a will.* The words "credible witnesses," as used in the statute relating to the attestation and proof of wills, mean competent witnesses,—that is, such persons as are not legally disqualified from testifying in courts of justice by reason of mental incapacity, interest, or the commission of crime, or other cause excluding them from testifying generally, or rendering them incompetent in respect to the particular subject matter or the particular suit. The mere fact that an attesting witness to a will has pleaded guilty to an indictment for forgery, will not render him incompetent to testify on the probate of the will, although, by statute, the conviction of crime may be shown as affecting the credibility of the witness.

3. SAME—*deposition of attesting witness—dedimus with will attached—to what courts the statute applies.* Section 4, chapter 148, of the Revised Statutes, providing for the issue of a *dedimus* with the will attached to take the deposition of a non-resident witness to the will, applies only to proceedings in the county court, and not to appeals from orders of the county court admitting wills to probate. In such case the supposed will is a file of the court, and can not be withdrawn except by leave of court granted in term time.

4. SAME—*deposition taken by consent without a dedimus.* On an appeal from the probate of a will to the circuit court, by the agreement of the parties, the deposition of one of the subscribing witnesses to the will was taken without the issue of any *dedimus*, and it was agreed that such deposition might be read in evidence, upon all matters in respect to which the witness would be competent to testify in open court: *Held*, that by such agreement of the parties the propriety of taking the evidence of the witness in that way could not be questioned.

5. SAME—*attaching will to deposition.* A paper on file as the last will of a party may be produced to an attesting witness thereto, on the taking of his deposition, and identified by him, so as to prevent any mistake as to identity or the possibility of the fraudulent substitution of any other writing; and in such case, the deposition will not be suppressed merely because the will was not attached thereto by the officer and certified to the court.

6. SAME—*offering the will in evidence—not shown by the record.* A judgment, on appeal to the circuit court, admitting a will to probate, will

not be reversed because the record fails to show that the will was formally introduced in evidence, when no such objection was made in the trial court, and the parties, by their instructions, treated the paper as in evidence.

7. DEPOSITIONS—*objection that they were not sealed—presumption.* On an objection to a deposition, on the ground that it came to the clerk unsealed, it will be presumed that the officer who took the deposition did his duty, and sent the same properly sealed, and the burden of proof is on the objector.

8. SAME—*practice—time within which to move to suppress deposition for being unsealed.* A motion to suppress a deposition on the ground it was not properly sealed and directed, comes too late after a general order for the opening of all depositions, unless some good reason is given for the delay. The court, upon objection taken before such order is made, can then decide the motion by inspection, instead of acting upon affidavits.

9. WITNESSES—*credibility—conviction of crime.* By statute of this State, a conviction of crime may be shown as affecting the credibility of the witness, and whether it does affect the credit to be given his testimony is always a question for the jury.

10. SAME—*impeachment—by proof of contradictory statements.* To render an affidavit of a witness admissible in evidence for the purpose of contradicting or impeaching his testimony given by deposition, the affidavit must have been produced on his examination, and his attention called to such parts as are claimed to be contradictory of his testimony. It is not sufficient to ask him, generally, if he has not made certain contradictory statements.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

A paper purporting to be the last will and testament of John Noble, deceased, was presented to the probate court of Cook county, by Edward P. Savage and Otis K. A. Hutchinson, the executors, for probate, and an order was entered in that court admitting it to probate as the last will and testament of John Noble. Robert W. Robinson appealed from that order to the circuit court, where like action was had, and upon appeal to the Appellate Court the judgment of the circuit court was affirmed. Robinson prosecutes this, his further appeal to this court.

Mr. W. S. Cox, and Mr. S. P. Douthart, for the appellant:

The depositions should have been suppressed. Rev. Stat. secs. 30, 31, chap. 51; *Edleman* v. *Byers*, 75 Ill. 367; *Corgan* v. *Anderson*, 30 id. 95.

The affidavit of Hood should have been received in evidence. 1 Greenleaf on Evidence, sec. 200; *Commonwealth* v. *Knapp*, 9 Pick. 507; *Ray* v. *Bell*, 24 id. 444; *Craig* v. *Rohan*, 63 id. 325.

The court erred in instructing the jury that the term "credible witnesses" meant "competent witnesses," and that McIlvaine and Hood were competent witnesses, and their testimony should be received in the case. *Stampofski* v. *Steffens*, 79 Ill. 303; *Haines* v. *People*, 82 id. 430; *Connaghan* v. *People*, 88 id. 460; *Packet Co.* v. *True*, 88 id. 608; *Belt* v. *People*, 97 id. 461; *O'Neal* v. *Boone*, 82 id. 589; *Shaw* v. *People*, 81 id. 150; *Andreas* v. *Ketcham*, 77 id. 377; *Paton* v. *Stewart*, 78 id. 481.

The court erred in instructing the jury that the fact that Hood was under indictment for, and had pleaded guilty to, the crime of forgery, did not render him incredible as a witness. *Johnson* v. *People*, 94 Ill. 505; *Provision Co.* v. *Tilton*, 87 id. 547; *Insurance Co.* v. *Crawford*, 89 id. 62; *Calef* v. *Thomas*, 81 id. 478; *Martin* v. *Johnson*, 89 id. 537; *City of Aurora* v. *Hillman*, 90 id. 61; *Moore* v. *Wright*, 90 id. 470; *Phillips* v. *Roberts*, 90 id. 492; *Life Ins. Co.* v. *Dill*, 91 id. 174.

It was error to instruct the jury that it made no difference when the witness formed his opinion as to the mental capacity of the testator. Rev. Stat. sec. 2, chap. 148.

Mr. J. N. Jewett, and Messrs. Hutchinson & Luff, for the proponents of the will:

The motion to suppress the depositions of Hood and McIlvaine was properly overruled,—first, because the depositions were properly enclosed and sealed up; and second, because the motion was made after the depositions had been opened at the request of counsel for appellants. The objection was not made

"in proper time," as required by section 31, chapter 31, of the Revised Statutes.

By the first instruction given on behalf of the proponents of the will, the jury were correctly instructed as to the requirements of the law necessary to establish a document offered in evidence and purporting to be a last will of a person deceased, and to entitle the same to probate and record as such last will. *Dickie* v. *Carter*, 42 Ill. 376.

The term "credible witnesses" means competent witnesses, and the instruction of the court, "that the mere fact alone that Henry Hood was, at the time of his examination as a witness in this case, under indictment for, and had pleaded guilty to, the crime of forgery, did not render him incompetent or incredible as a witness to the execution of the writing introduced in evidence," was properly given. 1 Redfield on Wills, 253, and note; *Rusher* v. *Lambdin*, 12 Sm. & M. 230; *Hawes* v. *Humphreys*, 9 Pick. 350; *Cornwell* v. *Isham*, 1 Day, 35; *Taylor* v. *Taylor*, 1 Rich. 531.

The paper purporting to be an affidavit of the witness Hood was properly excluded, because no foundation was laid for contradicting, impeaching or discrediting said Hood as a witness, and his attention was not called to the said supposed affidavit upon his cross-examination. *McCoy* v. *People*, 71 Ill. 111; 1 Greenleaf on Evidence, sec. 462.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This being an appeal to the circuit court from an order of the probate court admitting the writing presented as the last will and testament of John Noble, deceased, to probate, the evidence in the circuit court to prove the will was properly confined to that of the subscribing witnesses. *Andrews* v. *Black*, 43 Ill. 256; *Weld* v. *Sweeney*, 85 id. 50.

The instrument here sought to be probated was attested by Henry Hood and S. L. McIlvaine, only. It was shown that said Hood was a gambler, had been charged with embezzle-

ment, and at the time his deposition was taken, was awaiting sentence on his plea of guilty to one of five indictments pending against him for the crime of forgery. Evidence tending to impeach and sustain his general character for truth and veracity was also introduced at the trial. It is insisted by appellant, (the contestant below,) that as the Statute of Wills requires the attestation of all wills by "two or more credible witnesses," the will was not properly proved, said Hood not being a credible witness, and that the court erred in not so instructing the jury, and in instructing them that in the probate of wills, "the term 'credible witnesses,' means witnesses competent to give evidence at the time of the execution of the will," etc., and that the "mere fact alone" that said Hood had pleaded guilty to an indictment for forgery, did not render him incompetent, etc. There was no error in the holding in this respect. "Credible witnesses," as used in the statute relating to wills, has been construed, both in England and this country, to mean competent witnesses,—that is, such persons as are not legally disqualified from testifying in courts of justice, by reason of mental incapacity, interest, or the commission of crime, or other cause excluding them from testifying generally, or rendering them incompetent in respect of the particular subject matter or in the particular suit.

Prior to the passage of the statute under consideration, this construction had been placed on the fifth section of the English Statute of Frauds, (29 Car. 2, c. 3,) requiring attesting witnesses to wills to be "credible witnesses," and this ruling has, it is believed, been uniformly followed in the construction of similar statutes in this country. See 1 Jarman on Wills, 77, 90; *Eustis* v. *Parker*, 1 N. H. 273; *Taylor* v. *Taylor*, 1 Rich. 531; *Haws* v. *Humphrey*, 9 Pick. 350; *Cornell* v. *Isham*, 1 Day, 35; *Rucker* v. *Lambdin*, 12 Sm. & M. 230; *Hall* v. *Hall*, 18 Ga. 40; *Fuller* v. *Fuller*, 83 Ky. 345.

It will be presumed that the legislature, in employing the phraseology of these statutes, did so with reference to the

construction placed thereon.   No other construction could be adopted that would be reasonable, or that would not lead to absurd results.   By statute, the conviction of crime may be shown as affecting the credibility of the witness.   Whether it does affect the credit to be given his testimony, is always a question for the jury.   Here, the jury were told, over and over again, that the credibility of the witnesses must be determined by them in view of all the evidence, and unless they believed the evidence of said Hood entitled to credence, they should disregard it, and in that event must find the paper presented by proponents, not to be the will of said John Noble, deceased.

It is next urged that the court erred in overruling the motion to suppress the depositions of the subscribing witnesses, taken after the appeal to the circuit court.   Presumably, the witnesses testified in person in the probate court, but after the appeal their depositions were taken on notice, as to McIlvaine, and by agreement, as to said Hood, and not upon *dedimus* or commission annexed to the proposed will, as is provided may be done in the probate court, by order of that court, by section 4, chapter 148, of the statute.   In respect of the deposition of Hood, it is sufficient to say that the record (not abstracted) shows that it was taken by stipulation of appellant, and it was agreed "that said deposition may be read in evidence on the hearing of said cause, as evidence upon all matters upon which the testimony of said witness, if taken in open court, upon such hearing, would be competent."   Appellant is in no position, therefore, to question the propriety of taking the evidence of the witness in that way.

It is first objected, as to both depositions, however, that they were not properly sealed when delivered to the clerk of the circuit court.   The statute (sec. 31, chap. 51,) provides, that "every deposition that shall be returned unsealed, or the seal of which shall be broken previous to its reception by the clerk to whom it is directed, shall, if objection be made thereto

in proper time, be regarded by the court as informal and insufficient." Two sufficient answers appear to this objection:

*First*—The presumption being that the officer did his duty in that regard, and the covering having been destroyed by the clerk in opening the depositions, under order of the court, the burden was on the objector to show that they came to the hand of the clerk unsealed. We can not say this was done. In the conflict, we can not say the trial court was not justified in believing the affidavits showing that they were properly sealed, rather than the others showing that the ends of the packages were left open. There is no pretense that the depositions had been changed or tampered with.

*Second*—The objection was not made in proper time. It is true that motions to suppress depositions may be made at any time before entering upon the trial, and for most causes after the depositions have been opened. We are, however, inclined to adopt the salutary rule announced by the trial court, that this objection comes too late after the deposition has been opened, under an order of the court, unless some good reason is apparent, or is made to appear, for the delay in making the objection. And especially ought this to be so when, as here, the order is made on the motion of the objector. There can be no hardship in requiring this objection to be made while the enclosure is intact, as it came to the custody of the clerk. It can then be determined by inspection by the court, and avoid the necessity of proof of its condition when received. No better illustration of the propriety and necessity of such a rule can be found than in the unseemly spectacle presented by the conflicting and contradictory affidavits of attorneys, officers of court, and others, preserved in this record.

It is next objected to the depositions, that they were not taken on *dedimus* or commission issued with the will attached, as is provided for in section 4, chapter 148, of the Statute of Wills, the contention being that depositions of attesting witnesses to a will can be taken only in that mode. The section

referred to provides for taking depositions of subscribing witnesses who are non-residents or who are unable to attend, upon the presentation of a will for probate in the probate court, and, by its terms, applies to proceedings in that court only. The *dedimus* is to issue on application to and "special order" of that court. While the circuit court would undoubtedly have power to order a *dedimus*, with the will annexed thereto, to issue, as contemplated by said section 4, in the probate court, we perceive no reason why, after appeal to the circuit court, the depositions of the witnesses to the will may not be taken in vacation, as in other cases. There are many and cogent reasons why the legislature, while prescribing with great particularity the mode of procuring the deposition in the first instance, did not make that method exclusive after appeal. The probate court is always in session for the probate of wills, and an order for a *dedimus* can be immediately made on presentation of the writing purporting to be a will, if the witnesses are non-residents or unable to attend, or if resident, they can be immediately summoned and required to testify. No necessity existed for a provision for taking the deposition of a witness about to depart from the State, for the reason that such witness could be at once heard in that court. The appeal is, however, to a term of the circuit court to commence at a future time. The witnesses can not be produced in open court until the court convenes and the cause is reached for trial; no order can be entered until the court is in session; the clerk can not issue the *dedimus* in vacation, for the reason, if the statute did not require it to issue only on the order of the court, he could not withdraw the will from the files for the purpose of attaching the same to the *dedimus* without an order of court. It is evident, if the deposition could only be taken in the manner contended for, the witness whose testimony is essential to establishing the will may have passed beyond the reach of the process of the court, and his testimony be lost, or great delay and inconvenience be occasioned in procuring it.

18—124 Ill.

It is also objected that the deposition should have been suppressed, for the reason that the instrument alleged to be a will was not attached thereto, and certified to the court. That instrument was, as we have seen, part of the files of the court, and could not be withdrawn to be attached to the depositions, except upon leave. We can perceive no objection to producing the writing to the witness, without in fact removing it from the files, and examining him in respect thereto, care being taken, as was here done, to so identify the instrument as to preclude any mistake as to its identity, or the possibility of the fraudulent substitution of any other writing than the proposed will. In the absence of evidence upon the subject, it must be presumed that the writing submitted to the witnesses, which affirmatively appears to have been the instrument admitted to probate in the probate court as the will of John Noble, deceased, was produced before the notary by the proper custodian, and that the same remained in his custody. To hold that such inclosure of the writing, with the deposition, is necessary, would be to render it impossible to take depositions in respect to the public records and files of the courts prior to the convening of the same. In this case all was done that was necessary to clearly identify the writing proved by the depositions as the will of John Noble, to be the same instrument presented to and admitted to probate in the probate court, and again presented on the appeal.

It is next urged that the court erred in refusing to admit in evidence an affidavit of the witness Hood, made, as it is alleged, prior to the taking of his deposition, and contradictory of his evidence as to the mental condition, etc., of the testator at the time of filing said proposed will. The only purpose of its introduction would have been to contradict and impeach the witness. To have rendered it competent for this purpose, the affidavit should have been produced, and the attention of the witness specifically called to such parts of it as it was thought his testimony was contradictory of at the time of his

examination. This was not done. It is true, he was asked, on cross-examination, if he had not stated, while in jail, to any one, that at the time of the execution of the will John. Noble was mentally unfit to understand the same, etc., and denied having done so. Such general examination of the witness, without calling his attention to the writing, and permitting him to read the same, or hear it read, laid no sufficient foundation for the introduction of the affidavit. 1 Greenleaf on Evidence, 463-465.

It is urged that the judgment should be reversed, because the record fails to show that the offered will was formally introduced in evidence. This contention is without force. The instrument sought to be probated was present in court, and before the jury, and was treated by the court and parties as admitted to the jury for all proper purposes. We need only look at the instructions to verify this statement. In those given for appellant, it is referred to as "the paper presented as the last will of John Noble," as "the paper in question," as "the paper presented purporting to be the will of John Noble," and as "the paper offered in this case as the last will and testament of John Noble, deceased," while in those given for appellee, it is referred to as "the document presented as the last will and testament of John Noble * * * in the present case," and as "the writing introduced in evidence as the last will and testament of John Noble." Waiving the question of the necessity for its formal introduction, appellant can not be heard to complain in this court, for the first time, that the instrument in writing offered, and which was the subject of investigation and inquiry, was not properly before the jury.

We have carefully considered the errors assigned, and are of opinion that no error has intervened for which a reversal can be properly entered, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*