Bissell, P. J.,
delivered the opinion of the court.
*285 This is one of those extraordinary cases, in which the judgment which was originally entered against Lake ought not to stand, and in which the judgment impeaching it rendered upon proceedings under a writ of certiorari cannot be sustained. The result looks like an apparent inequity, but under the record, justice is not far from being accomplished.
Emma Pruitt brought suit against Lake to recover twenty-five dollars due her for work and labor done. Wood, a justice of the peace in Garfield county, after proper steps taken to that end issued a writ of attachment in aid of the suit. It was effectuated by process of garnishment served on a corporation which admitted an indebtedness to Lake in a sum beyond the plaintiff’s claim. After the action was started, Lake settled the case out of court, did not appear on the return day, and evidently sought to escape responsibility for the costs incurred by the proceedings. The justice subsequentiy entered a judgment against him for the accrued costs, and included therein a fee of $5.00 for the plaintiff’s attorney, which the counsel contended he had earned in the collection of the debt. The judgment was for $24.10 and when the justice issued an execution on it, Lake endeavored to escape liability by attacking the judgment. It would not be useful to recite the various grounds on which it is claimed the judgment is invalid. It need only be stated that the defendant, Lake, did not appear, and prosecuted no appeal. He subsequently initiated the present proceedings against Seth Wood, the justice, because that magistrate was without jurisdiction to enter it. When the petition was filed in the county court, that tribunal issued a writ of certiorari, brought up the proceedings, adjudged them to be erroneous, taxed the costs against the justice and entered judgment accordingly.
' If the parties had proceeded regularly and in accordance with the statute, the finding would have been good, and the magistrate would have been remediless. The act concerning justices and constables provides that in certain cases and under certain circumstances, the judgments which may be *286 entered by a justice of the peace are reviewable under proceedings initiated by this writ. There is no trouble in holding that the justice’s act, which gives this remedy, must be exclusive, and that a party is bound to bring himself within the scope and terms of this law respecting it, if he seeks otherwise than by appeal to overturn a judgment which the justice may have entered. It is seriously contended in argument that the Code provisions respecting the writ of certiorari are kewise applicable, and if under either it or the justice’s act the proceedings may be justified, the judgment appealed from must stand. This cannot be the law. In general the provisions of the Code have no relation to proceedings before a justice; and wherever, as in the present case, the act regulating the jurisdiction of justices of the peace provides the remedies when a litigant’s rights are not respected by the magistrate, these remedies must be taken to be exclusive. The chapter concerning certiorari in the Code is therefore entirely inapplicable, and the sufficiency of the present proceedings must be treated by the statute as interpreted by our supreme court. The act has been considered by that court on several different occasions. Their conclusions respecting its requirements are uniform, definite and well settled. Tilton v. Larimer Co. A. & M. Ass., 6 Colo. 288; Small et al. v. Bischelberger, 7 Colo. 564.
Section 1995 of the statute of 1883 requires the petition to contain, according to the decision last cited, three things, viz : — “ First, that the judgment before the justice was not the result of negligence on his part; second, that the judgment, in his opinion, is erroneous and unjust, stating wherein such error and injustice consist; and third, that it was not in his power to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing.” This very lucid statement of the law by Judge Helm removes all difficulty from the determination of this case. The petition in no respect complied with the statutory requisites thus clearly and abundantly stated. There was no showing whatever that the judgment was not the result of *287 negligence, nor any showing that it was not in the power of Lake, against whom the judgment was entered, to take an appeal and review the judgment in the ordinary way. Since a petition lacking these or equivalent statements, and containing nothing to bring the case within the statutory requirements will not, under those decisions, support an application for the writ and a judgment thereon, the action of the court below cannot be sustained.
For the error committed by the court in entering the judgment upon an insufficient petition, the case must be reversed and remanded.

Reversed.