## *In re* ESTATE OF HENRY R. ARROWSMITH.

*Opinion filed December 16, 1903.*

1. DEPOSITIONS—*when presence of counsel is no objection to deposition.* The presence of one of the counsel at the taking of a deposition upon written interrogatories is no objection to it, in the absence of a statute or a rule to that effect.

2. SAME—*section 4 of Wills act and section 33 of Evidence act are independent.* Section 4 of the Wills act, providing for the taking of the deposition of a subscribing witness to a will, and section 33 of the Evidence act, which prohibits the presence of counsel at the taking of the deposition by written interrogatories, are independent of each other.

3. SAME—*deposition taken under section 4 of Wills act is good though counsel was present.* The mere presence of one of the counsel at the taking of the deposition of a subscribing witness to a will, under section 4 of the Wills act, is not ground for striking the deposition from the files.

4. SAME—*deposition taken for county court may be read in circuit court, on appeal.* A deposition of a subscribing witness to a will, taken under section 4 of the Wills act, upon a commission issued by the county court, may be read in evidence in the circuit court on appeal from the county court's order admitting the will to probate.

5. WILLS—*parties confined to subscribing witnesses on appeal from an order allowing probate.* On appeal from an order of the county court admitting a will to probate the parties are confined to the testimony of the subscribing witnesses.

6. SAME—*testimony that testator was rational and under no restraint is sufficient.* Testimony by a subscribing witness that the testator was "rational and under no restraint" is equivalent to a statement that he was of sound mind and memory.

7. SAME—*effect where oral testimony of subscribing witness tends to contradict his deposition.* On appeal to the circuit court from an order admitting a will to probate, the chancellor is justified in regarding the deposition of one of the subscribing witnesses as representing his actual belief even though his oral testimony tends to impeach it, where the clear preponderance of the testimony is that the deposition was correctly taken.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

EWING & EWING, (JOHN F. WIGHT, of counsel,) for appellants.

WELTY & STERLING, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of McLean county entered an order admitting to probate the last will and testament of Henry R. Arrowsmith, deceased, and an appeal was taken from the order to the circuit court.

In the circuit court a motion was made by the contestants to strike from the files the deposition of William Botts, one of the witnesses attesting the will, which had been taken in Indiana by virtue of a commission issued by order of said county court. The grounds of the motion were, that notice of the issuing of the commission was not given to the contestants or their attorneys, and that the attorney for the proponents of the will was present when the deposition was taken and propounded oral interrogatories to the witness in regard to the matters inquired about by the written interrogatories. The court overruled the motion. A previous deposition of the witness had been taken, which was not deemed sufficient on account of a defect in the commission, and the commission in question was issued by order of the county court directing that it should issue, and that notice should be given to Ewing, Wight & Ewing, attorneys for the contestants. In support of the motion the affidavit of Mr. Wight, one of the firm of attorneys, was filed, stating that he was attending particularly to the case; that notice was not served on said firm or either of the contestants, and that he did not know that the commission was issued or the deposition taken until after the county court had admitted the will to probate. It was conceded that an attorney for the proponents was present when the deposition was taken. The witness Botts was produced at the trial by the contestants, and testified that when the deposition was taken he said, in answer to a question, that he did not believe the testator was in his right mind,

and that the attorney said to him, "You don't want to keep Henry R. Arrowsmith's will from being probated?" The attorney for proponents so referred to filed his affidavit that he personally notified the firm of Ewing, Wight & Ewing by giving notice to Spencer Ewing, one of the members of the firm, in accordance with the order of the court, and he denied that he asked the question attributed to him by Botts, or any other question, or had any conversation with him when the deposition was taken. The commissioner who took the deposition, and the officer who served the subpœna on Botts and was present when the deposition was taken, did not remember that the attorney said anything of the kind alleged.

Chapter 51 of Revised Statutes provides for the taking of depositions of non-resident witnesses in suits at law or in chancery, and section 33 of that chapter provides that a deposition taken upon written interrogatories shall be rejected if the attorney of any party is present. (Hurd's Stat. 1899, p. 864.) But the deposition in this case was taken in pursuance of the special provisions of chapter 148 of Revised Statutes, in regard to wills, which contains no such provision. Section 4 of that chapter provides that if any witness attesting a will shall reside without the limits of the State or county in which the will is produced for probate, it shall be lawful for the court, upon such notice to persons interested as the court may by special order direct, to issue a commission to take the testimony of the witness touching the execution of the will. (Hurd's Stat. 1899, p. 1746.) The special provisions of that section purport to cover the entire subject of taking depositions of witnesses to wills by commission from the county court. It makes no reference to the general statute, and in the case of *Matter of Noble,* 124 Ill. 266, the two statutes were regarded as independent of each other. In general the law is, that in the absence of a statute or rule to that effect the presence of one of the counsel at the taking of a deposition is no objection to it. (6 Ency.

of Pl. & Pr. p. 531.) The evidence before the court in this
case justified the conclusion that the attorney had noth-
ing to do with taking the deposition and that it was in
no manner influenced by him, and we think his mere pres-
ence in the room was not ground for striking it from the
files, in the absence of any statutory prohibition.

It is further insisted that the deposition could not be
read in evidence because taken under said section 4 of
chapter 148, which, it is said, does not apply to the tak-
ing of depositions to be read in circuit courts, and the
decision in *Matter of Noble, supra,* is cited as so holding.
What was decided in that case was, that on appeal the
method prescribed by chapter 148 was not exclusive; that
in the circuit court depositions of witnesses to a will may
be taken under the general statute, although the circuit
court would undoubtedly have power to order a commis-
sion with the will annexed thereto, under the provisions
of chapter 148.

It is also urged that the deposition taken in the
county court could not be read because the trial on the
appeal was *de novo.* We do not so understand the rule.
A deposition taken in a suit before the justice of the
peace was held in *Jarrett* v. *Phillips,* 90 Ill. 237, competent
to be read in the trial *de novo* in the circuit court on ap-
peal. Depositions taken and read in inferior courts are
generally admitted on appeal where the case is tried
*de novo.* (6 Ency. of Pl. & Pr. 576.)

The circuit court, on a hearing, again admitted the
will to probate, and it is argued that there was no suffi-
cient proof of the execution of the will or of the mental
capacity of the testator to make a will. On the appeal
from the order admitting the will to probate the parties
were confined to the testimony of the subscribing wit-
nesses. (*Andrews* v. *Black,* 43 Ill. 256.) The rule in such
cases is not the same as where probate is refused by the
county court, in which case the proponent is entitled, on
appeal, to introduce any evidence which would be com-

petent to establish a will in chancery. The will was attested by W. A. Coss and William Botts, and the testimony of Coss at the hearing, with that of Botts as contained in the deposition, was sufficient to admit the will to probate. The attesting clause was in the usual form, reciting that the instrument was subscribed by Henry R. Arrowsmith in the presence of the witnesses and acknowledged by him to each of them; that he at the same time published and declared the instrument so subscribed to be his last will and testament, and that the witnesses, in his presence, subscribed their names thereto. Coss testified that he was present when the testator signed the will but did not see him sign it; that the witness signed the will at the request of the testator and in the presence of William Botts and the testator, and that the testator saw him sign it. As to the condition of the testator's mind at the time he signed the instrument, he testified that to the best of his opinion the testator was rational and that he was under no restraint. The witness Botts, in his deposition, testified that his signature attached to the will was genuine; that he saw the testator sign the instrument; that the testator asked him to sign it as a witness, and that Coss and the testator were present when he signed it. As to the condition of the testator's mind and memory, he testified that he did not believe that he was just right but that he was capable of doing business. When produced as a witness at the trial by the contestants, Botts testified that he knew the testator, and one day met him, when he said he was going to make a will; that when he was at the testator's house afterward, hauling corn, the testator told him to "come in; we will fix that up now," and Coss also came in; that when they were in the house Ezekiel Arrowsmith got the will down and laid it on the table; that the testator signed it and Coss signed it, and the witness not being able to write, Coss wrote his name and the witness made his mark. As to the testator's mental condition, he con-

tradicted his deposition and testified that the testator was not in his right mind and capable of making a will. As to the deposition, he testified that he did not answer just in the way the deposition read, but answered that he did not ·believe the testator was in his right mind. The attorney who was present when the deposition was taken testified that the answer given in the deposition was correct as the witness gave it; that when the witness said he did not think the testator's mind was just right the commissioner said he thought he ought to state to what extent the testator's mind was not right, and the witness added that he thought he was capable of doing business. The commissioner testified that when the witness was asked about the mental condition of the testator he hesitated, and when he made the statement that he was not just right the commissioner asked him to make it more full and explicit, so that the court would understand what he meant, and he then said he was capable of doing business, and in answer to a question said he felt competent to do business with him. The testimony of Botts at the trial tended to impeach his deposition, but we cannot say that the court was wrong in concluding that the witness, at the time of the execution of the will and when his deposition was taken, believed that the testator had testamentary capacity. The clear preponderance of the testimony was that the deposition was correctly taken, and the court was justified in regarding the deposition as representing the actual belief of the witness.

It is contended that the testimony of Coss as to the mental condition of the testator did not meet the requirement of the statute, because he said the testator was rational and under no restraint, instead of saying that he was of sound mind and memory. In *Yoe* v. *McCord*, 74 Ill. 33, and *Campbell* v. *Campbell*, 130 id. 466, it was held that sound mind and memory is equivalent to sanity, and one who is rational and acting rationally is, in the com-

mon understanding, sane and sound of mind. We think the testimony of the witness was equivalent to the language of the statute.

The judgment is affirmed.

*Judgment affirmed.*