## Frederick J. Schmitt v. Edward Hines Lumber Company.

### Gen. No. 12,237.

1. CERTIORARI—*effect of motion to quash.* A motion to quash a writ of *certiorari* admits the material facts of the petition for the writ, insofar as well pleaded.

2. CERTIORARI—*how petition for, construed.* A petition for the statutory writ of *certiorari* is strictly construed against the petitioner.

3. CERTIORARI—*when petition for, shows negligence.* A petition for the writ of *certiorari* shows negligence where it avers that the attorney for the petitioner relied upon the promise of opposing counsel to have the cause in which judgment was fraudulently entered continued from time to time and to notify him of any application for judgment; that the attorney for the petitioner knew of the judgment prior to the expiration of the time for appeal, but permitted such time to elapse without taking an appeal, relying upon another promise of opposing counsel, namely, to set aside the judgment so claimed to have been fraudulently entered.

4. TRANSCRIPT OF JUSTICE—*absence of, cannot be first raised on appeal.* The absence of a transcript of the proceedings of the justice cannot be first noticed in the Appellate Court and urged there as ground for reversal.

*Certiorari* proceeding. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 18, 1906.

**Statement by the Court.** Appellant, July 12, 1904, filed a petition in the Circuit Court praying for a writ of *certiorari* to remove a certain cause from a justice court to the Circuit Court. The petition stated that appellee March 16, 1904, brought suit in a justice court against appellant to recover the sum of $163.65 for goods sold and delivered, and judgment was entered thereon April 18, 1904. That after this action was commenced appellant employed Henry Horner, Jr., an attorney, to represent him in this behalf. That

on the "day of the date aforesaid" Horner met Gilbert, the attorney of appellee, at the justice court, where Horner told Gilbert that the debt sued upon was not that of appellant and his co-defendant Bromann, but was the debt of the Schmitt-Bromann Co., a corporation. That thereupon Gilbert told Horner that he, Gilbert, would look into the facts, and that the case would be continued and no judgment would be taken thereon until he could find out whether or not the statement of Horner was true and had so notified Horner. That notwithstanding this promise and without notifying Horner, the said judgment was entered. That after the entry of the judgment and before the twenty days for appeal had elapsed, Horner spoke to Gilbert four or five times, and Gilbert promised Horner that said judgment would be set aside and appellant be let in to defend; and relying upon these promises, Horner refrained from taking an appeal. That afterwards appellee recovered another judgment in a separate suit on this same cause of action against the Schmitt-Bromann Company. That appellant was not and is not in any way indebted to appellee, and said judgment is therefore unjust and erroneous.

The writ was issued upon the day the petition was filed. July 20, 1904, appellee entered its appearance in this cause. October 25, 1904, on motion of appellee, an order was entered quashing the writ. This appeal followed.

HENRY HORNER, JR., for appellant.

GILBERT & GILBERT, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The motion to quash the writ admitted that the material facts of the petition, so far as they were well pleaded, were true. Such a petition must stand on its own merits, and must be tested by itself, without extraneous support. Davis v. Randall, 26 Ill. 245.

The right to a writ of *certiorari* is controlled by the statute, and the petition therefor is construed strictly against the petitioner. Cushman v. Rice, 1 Scam., 565; Davis v. Ran-

dall, 26 Ill., 243; Doan v. Sibbit, 61 Ill., 485; First Nat. Bk. v. Breseford, 78 Ill., 391; The President etc. v. Kemper, 88 Ill., 579.

The statute provides that the petition for a writ of *certiorari* shall show that the judgment before the justice was not the result of negligence of the petitioner; that the judgment in his opinion is unjust and erroneous, setting forth wherein the injustice and error consists; and that it was not in his power to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing.    Hurd, 1903, sec. 186, ch. 79.

Applying this statute to the facts stated in the petition, it is clear that it is insufficient. Appellant was regularly summoned in the justice suit. He employed an attorney, who was present in court the day the judgment was entered, and who, instead of seeing to it that the cause was regularly continued, and without examining the justice docket, took the promise of the attorney for appellee that this would be done, and he notified before judgment was taken. Before the time to appeal had expired, appellant knew that judgment had been entered. Within twenty days thereafter his attorney had several interviews with the attorney for appellee, but instead of taking and perfecting an appeal he again took the word of the man, who before that time had deceived him, that the judgment would be set aside and appellant would be let in to defend. This evidence shows a lack of reasonable care upon the part of Horner to enforce the rights of his client; and it also shows that it was in the power of appellee to take an appeal in the ordinary way. The negligence of Horner is the negligence of appellant.

At a date subsequent to the entry of a judgment in his court, a justice of the peace had no power to set aside that judgment, and to let the defeated party in to defend. We must presume that appellant knew this rule of law. St. Louis v. Gundlach, 69 Ill. App., 192.

Both parties in this case appeared in the Circuit Court. Appellant was present when the motion to quash the writ was heard and decided. No objection based upon the absence of

the transcript of the justice of the peace is found in the record. That objection cannot be made for the first time in this court. Pearce v. Swan, 1 Scam., 269; Jarrett v. Phillips, 90 Ill., 237; Darmstaedter v. Armour, 17 Ill. App., 285; Hanchett v. Williams, 24 Ill. App., 56.

That appellee afterwards obtained judgment against the Schmitt-Bromann Company for this same indebtedness, does not aid appellee. Two or more separate judgments may be taken upon the same cause of action, but there can be one satisfaction only. The petition does not allege that the judgment against said corporation had been paid in whole or in part.

The judgment of the Circuit Court is affirmed.

*Affirmed.*