## John H. McDonald, Appellee, v. Frank McDonald, Appellant.

### Gen. No. 13,968.

1. CERTIORARI—*propriety of form of judgment where common law writ of, has been improvidently issued.* If the court is of opinion that a common law writ of *certiorari* has been improvidently issued, the judgment, before the return of the writ, should be that the same be superseded.

2. CERTIORARI—*character of motion to quash.* A motion to quash or supersede a common law writ of *certiorari* is addressed to the discretion of the court.

3. CERTIORARI—*what justification for superseding common law writ of.* A common law writ of *certiorari* should not be issued, or, if issued, should be quashed or superseded, where the application therefor was not made until after the time within which a writ of error might be prosecuted or where the application therefor was accompanied by an unexcused delay.

4. CERTIORARI—*what does not justify issuance of common law writ of.* A common law writ of *certiorari* should not be issued to correct errors of a purely technical character.

Certiorari. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed May 19, 1908.

**Statement by the Court.** John H. McDonald recovered a judgment, October 8, 1901, against Frank McDonald, before John Richardson, a justice of the peace of the Town of South Chicago, for $153 and costs.

The Municipal Court Act abolished the offices of justices of the peace in said town and other towns in the city of Chicago, and provided that the docket of each justice whose office was so abolished should be delivered to the clerk of the Municipal Court. January 19, 1907, the defendant in the judgment filed his petition in the Circuit Court for a common law writ of *certiorari* to be directed to the clerk of said Municipal Court, *the plaintiff in the judgment, and the chief*

*bailiff of said court,* commanding them to send up to the Circuit Court a transcript of said judgment. One of the judges of the Circuit Court indorsed on the petition over his hand an order "that said petition be and the same hereby is granted." No return was made to the writ. April 13, 1907, the Circuit Court entered an order that said writ of *certiorari* be quashed, at the costs of petitioner, and from that order this appeal is prosecuted by the petitioner.

LOUIS GREENBERG, for appellant.

JAMES O. BROWDER and AARON COHN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The order quashing the writ was made upon the face of the petition, before return. Strictly, perhaps, the order should have been, if in the opinion of the court the writ had been improvidently allowed, that the writ be superseded, under the rule that the writ is quashed or dismissed only after the return has been made, while it is superseded before the return. 4 Ency. of Pl. & Pr. 234. But in Darmstaedter v. Armour, 17 Ill. App. 285, where a writ of *certiorari* had been improvidently allowed, an order that the writ be quashed, made before return, was affirmed.

We shall consider the question argued by counsel on both sides, viz.: whether the writ was properly quashed or superseded because of the delay of appellant in suing out the writ, as properly brought before us for review, and also the question whether the errors in the judgment alleged in the petition are of such a nature as made the allowance of the writ proper.

A writ of *certiorari* is not a writ of right, but its issuance is to a great extent discretionary. So a motion to quash or supersede the writ is addressed to the discretion of the court. The remedy by *certiorari* is in the nature of that afforded by a writ of error.

"The writ will not be granted for the correction of merely harmless, technical or formal errors which are not shown to have resulted prejudicially or to have caused substantial injustice to the petitioner." 4 Encyc. of Pl. & Pr. 34. So also, "Where the applicant for the writ has been guilty of unreasonable delay in suing out the writ, it will be quashed." *Id.* 236.

The general rule, in the absence of special facts or circumstances excusing the delay, is that a common law writ of *certiorari* will not be issued, or.if issued will be quashed or superseded, where the application for the writ is not made until after the time within which a writ of error must be prosecuted has elapsed. Hyslop v. Finch, 99 Ill. 171-179; People v. New York, 2 Hill 9. The errors in the judgment alleged in the petition are only that the justice's transcript fails to show that the cause was called at the hour, or heard at the place, specified in the summons. These errors are very technical, and it does not appear from the petition that they caused any substantial injustice to the petitioner. Again, more than five years elapsed between the rendition of the judgment and the suing out of the writ, and under our statute a writ of error must be sued out within five years.

The writ was improvidently allowed, we think, both because the errors alleged were merely formal and technical, and because of the *laches* of the petitioner, and therefore the order quashing the writ was proper and will be affirmed.

*Affirmed.*