Calvin Cushman, plaintiff in error *v.* E. J. Rice and Fitch E. Doolittle, defendants in error.

*Error to Fayette.*

The statute allowing causes to be taken to the Circuit Court by *certiorari*, requires the petition for that purpose to set forth that the judgment complained of, was not the result of negligence on the part of the petitioner, and that in his opinion it is unjust,—setting forth wherein the injustice consists. It must also allege that it was not in the power of the party to take an appeal in the ordinary way; and set forth particularly the circumstances that prevented him from so doing.

Absence from the county, and ignorance of the rendition of a judgment by a justice of the peace, against a plaintiff upon a note lodged with the justice for collection, are not a sufficient excuse for not taking an appeal in the ordinary way, and do not authorize the allowance of a writ of *certiorari*.

*Semble,* That where a writ of *certiorari* to remove a cause from a justice of the peace to the Circuit Court, is improvidently allowed, the Circuit Court should quash the writ, and dismiss the appeal.

The proceedings in this cause in the Fayette Circuit Court, were had at the April term, 1839, before the Hon. Sidney Breese. That Court quashed the writ of *certiorari*, and dismissed the appeal. The plaintiff excepted, and brought the cause to this Court by writ of error.

The petition of the plaintiff to the Probate Justice, for a writ of *certiorari*, states, "That some time in the month of July last, he placed in the hands of one Allen McPhail, Esq., a justice of the peace of said county of Fayette, a note of hand for collection, on E. J. Rice and F. E. Doolittle, on which suit was commenced by summons, and the trial was had on the 27th day of August, 1838, in the absence of your petitioner, and the said justice, after hearing the matter and receiving various testimony wholly inadmissible and irrelevant, determined and gave judgment

2v

Cushman *v.* Rice *et al.*

against your petitioner for the costs of suit. At the time said judgment was rendered against your petitioner, he was absent from the county, and was not informed, nor did he know, that said judgment was given against him, until after the expiration of the twenty days allowed by law for taking appeals; and he was wholly and entirely prevented from taking an appeal, in consequence of his absence from the county, and his inability to get to Vandalia. He further states that said suit was commenced on a promissory note for the payment of money, for a good and valuable consideration, and the said justice should, and of right, according to law, ought to have given judgment for your petitioner, when, in fact, he erroneously gave judgment against him, and in favor of the defendant in said suit."

A. P. FIELD, for the plaintiff in error.

L. DAVIS and F. FORMAN, for the defendants in error.

WILSON, Chief Justice, delivered the opinion of the Court:

This case was taken from the judgment of a justice of the peace, to the Circuit Court, by writ of *certiorari,* as allowed by statute; and by that Court the cause was dismissed. From this decision the plaintiff below has appealed to this Court. The statute allowing causes to be taken to the Circuit Court in certain cases, requires the petition for that purpose to set forth that the judgment complained of, was not the result of negligence on the part of the petitioner, and that in his opinion it is unjust,—setting forth wherein the injustice consists. It must also allege that it was not in the power of the party to take an appeal in the ordinary way; and set forth particularly the circumstances that prevented him from so doing. This last requisition of the statute has not been complied with in this case. The petition alleges no other reason for not taking an appeal within the time limited by law, than absence from the county, and ignorance of the judgment rendered by the magistrate. This is not a sufficient excuse to except the case from the ordinary mode of appeal. When a party brings an action, he is bound to attend to it through all its stages, either by himself or agent, and if he omits to do so, he must abide by the consequences of his inattention, unless he set out with precision, such facts and circumstances as show that it was not in his power to take an appeal in the ordinary way, by the exercise of every reasonable degree of attention and care. This has not been done by the appellant in this case.

The Circuit Court decided correctly, therefore, in dismissing the cause; and the decision must be affirmed with costs.

*Judgment affirmed.*

*Note.* See Yunt *v.* Brown, *Ante* 264.