ATWOOD J. MURRAY, Plaintiff in Error, *v.* ANDREW MURPHY, Defendant in Error.

### ERROR TO PEORIA.

A petition for a *certiorari* to a justice of the peace, from the Circuit Court, to have a judgment reviewed, should set forth that the judgment was not the result of negligence ; that it was unjust and erroneous, and how so ; that an appeal could not be taken in the ordinary way, and the particular circumstances which prevented, or it will be dismissed on motion, if the motion is made at the first opportunity.

A petition, which avers that a party had a witness who could prove that the debt sued for had been paid, but that the witness could not attend, and he let judgment go, intending to take an appeal, and pursuant to such intention, sent a bond, just before the expiration of twenty days, which was not approved, is insufficient ; not showing that the judgment of the justice was not the result of the negligence of the petitioner, or that he could not have taken his appeal in proper time.

THE motion to dismiss the *certiorari* was heard before PETERS, Judge, at November term, 1853, of Peoria Circuit Court.

E. N. POWELL, for Plaintiff in Error.

N. H. PURPLE, for Defendant in Error.

SKINNER, J.   Murray sued Murphy before a justice of the peace, of Peoria county.   Murphy made default, and judgment

was rendered against him. After the expiration of twenty days from the rendition of the judgment, Murphy sued out a *certiorari* from the circuit court of Peoria county, and the record was filed in said court. At the next term of the circuit court, Murray moved to dismiss the *certiorari* for want of a sufficient petition. The court overruled the motion, and judgment was rendered for Murphy, the defendant. Murray brings the record into this court by writ of error, and assigns for error, the refusal of the circuit court to dismiss the *certiorari*.

The only question presented, is, whether the petition for *certiorari* is sufficient?

The petition sets forth that Murphy resided in Peoria county; that he believed the demand of Murray unjust; that the place of trial was some distance off; that he could not get his principal witness, William S. Moss, to attend the trial, and concluded, by the advice of counsel, that he would let the case go by default, and appeal to the circuit court, as the witness resided in the city of Peoria; that judgment was rendered against him on the 4th day of March, 1853; that he procured an appeal bond, and had it signed by a good and responsible security; that his attorney forwarded the bond to the justice of the peace in sufficient time, and within the twenty days prescribed by law; that the justice of the peace sent the bond back when it was too late to file a new one, thus depriving him of opportunity to file another bond; that the principal objection of the justice of the peace to the bond, was, that the name of the security was on the wrong side of the bond, and that the bond was not strictly formal; that he (petitioner) was guilty of no negligence in the matter; that his attorney was satisfied that the bond was good, and was sent in proper time; that it was impossible to file a second bond in time to save an appeal; that he would have appeared and defended the case, had it been possible to have procured his witness; that his witness was absent from home, and his attorney advised him that he could appeal from any judgment rendered against him in the case; that the debt sued for, had been fully paid, and that he could prove such payment by his said witness, William S. Moss, and that the judgment rendered against him is therefore erroneous.

The petition is wholly insufficient. It does not show that the judgment rendered by the justice of the peace, was *not* the result of negligence; but on the contrary, shows that it *was* the result of negligence. If the debt was paid, and he could prove such payment by Moss, he should have appeared before the justice, and have applied for a continuance. If he had resorted to the ordinary means to obtain the attendance of his witness, or if the same would have been useless, by reason of the absence

of the witness from the county, the justice, on proper showing of the facts, would have granted a continuance. R. S. 318, Sec. 27.

Murphy, however, chose to make no defense before the justice, but appeal to the circuit court and there defend.

This is against the policy of the law, and cannot be sanctioned by this court. The petition wholly fails to show that it was out of the power of Murphy to take an appeal in the ordinary way.

He had a bond drawn up and signed by a security, deemed by him and his attorney sufficient, and sent to the justice. But what the bond was, and how and when sent, he wholly fails to show.

It was his duty, if in his power, to appear before the justice, with his security, before the expiration of twenty days after the rendition of the judgment, and enter into bond, such as the justice could officially approve, or he should have obtained a transcript of the proceedings before the justice, and have perfected his appeal before the clerk of the circuit court, within the twenty days. R. S. 324, Secs. 60, 61.

The remedy is ample, and he wholly failed to resort to it, and has shown no sufficient excuse for not doing so. To entitle a party to the writ of *certiorari* under the statute, it is necessary that his petition should set forth, and show upon oath, that the judgment before the justice was not the result of negligence on his part; that the judgment, in his opinion, is unjust and erroneous, setting forth wherein such error and injustice consists; and that it was not in his power to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from taking such appeal. R. S. 326, Sec. 75.

If the petition fails to show each of these requisites, the *certiorari* should be dismissed on motion, if the motion is made at the first opportunity. *Cushman* v. *Rice et al.,* 1 Scam. 565; *White* v. *Fry,* 2 Gil. 65; *Lord et at.* v. *Burke,* 4 Gil. 363.

Judgment reversed and cause remanded.

*Judgment reversed.*