Russell *v.* Pickering.

---

LABAN G. RUSSELL, Plaintiff in Error *v.* EDWARD PICKERING, Defendant in Error.

### ERROR TO EDWARDS.

The application for a certiorari to take an appeal from a judgment rendered before a justice of the peace, must show the facts required by the statute; the allegations of the petitioner showing his conclusion will not be sufficient.

Clerks of the Circuit Court are not bound to take appeals on Sunday.

THE opinion of the court furnishes a statement of the case.

The decision of the Circuit Court was made by MARSHALL, Judge, at September term, 1852.

C. H. CONSTABLE, for Plaintiff in Error.

R. S. NELSON, for Defendant in Error.

SKINNER, J. Pickering, on the 28th day of July, 1851, before a justice of the peace of Edwards county, recovered a judgment against Russell for sixteen dollars. Russell, after the expiration of twenty days from the rendition of the judgment, removed the cause into the Circuit Court by certiorari. The Circuit Court dismissed the certiorari for want of a sufficient petition.

To entitle a party to this mode of appeal, under the statute, the petition must set forth and show upon the oath of the applicant, that the judgment before the justice of the peace was not the result of negligence of the party; that the same is unjust and erroneous; and that it was not in the power of the party to take an appeal in the ordinary way. These three facts must be *shown* by the petition, not merely alleged, as a conclusion of the party.

The petition, in this case, does not attempt to show diligence in defending the suit before the justice, nor an excuse for not making such defense. The petition alleges as excuse for not taking an appeal in the ordinary way, that on the sixteenth day of August, 1851, petitioner went to the office of the justice and prayed an appeal to the Circuit Court, and tendered one Walker as his security; that said Walker was possessed of one wagon of the value of forty dollars, one horse of the value of seventy dollars, one horse of the value of forty dollars, cattle of the value of twenty dollars, sheep of the value of ten dollars, hogs of the value of forty dollars, together with farming implements, crops, and so forth, and of a very valuable farm; that the justice refused to approve the security offered, alleging for cause that the same was insufficient; that petitioner, on the 17th day of August, 1851, being Sunday, went to the clerk of the Circuit Court of Edwards county and prayed an appeal, and tendered one Rosevalt as his security, and that said clerk refused to do the business on Sunday.

It is the duty of a justice of the peace, in case of application for appeal from judgments rendered by him, to require sufficient security in the appeal bond, and he is required to approve of such security as he receives. R. S. 324, sec. 60.

For aught that appears by the petition, Walker's property might not have been within the county, or state; or he may have been so largely indebted as to have rendered the security

too precarious for official approval. Clerks of the circuit courts are not bound to take appeals on Sunday in the absence of statutory requisition.

*Judgment affirmed.*