JOHN CLIFFORD, Plaintiff in Error, *v.* JOHN WALDROP, Defendant in Error.

ERROR TO MONTGOMERY.

A petition for a certiorari to review the decision of a justice of the peace, must state the facts which show that the judgment was not the result of negligence.

THIS suit was originally commenced before a justice of the peace, by Clifford against Waldrop, and judgment was rendered for plaintiff for fifty dollars. The judgment was rendered by the justice on the 8th day of October, 1857, and on the 16th day of November, 1857, Waldrop presented to the master in chancery of Montgomery county the following petition:

John Waldrop to the master in chancery of the county and State aforesaid, respectfully represents, that on the 8th day of October, A. D. 1857, judgment was rendered against him for the sum of about fifty dollars, in favor of the said John Clifford, by the said Piatt, in a suit then pending before said justice, between the above named parties. This petitioner further says, that said judgment was not the result of negligence on his part; that the said judgment was erroneous and unjust, because the suit in which it was rendered was instituted upon a promissory note given by your petitioner to the said Clifford, in consideration that the said Clifford had undertaken and promised to cure the eyes of this petitioner, and if said Clifford failed to cure his said eyes, then the said note was to be void; and your petitioner states, that the said Clifford wholly failed to cure his eyes as aforesaid. Your petitioner further states, that after the trial of said cause the justice of the peace told your petitioner to go home, and that if he (the said justice) gave judgment for the plaintiff, he would send word to your petitioner in time for your petitioner to take an appeal, but that if judgment did not go against the defendant, no such word would be sent. Your petitioner, relying upon the promise of the said justice, did not know that judgment went against him until after the expiration of twenty days from the date of the judgment, the said justice having failed to send information to your petitioner; and in consequence of such failure your petitioner had reason to believe, and did believe, that judgment went against plaintiff for costs of suit, until execution issued and was levied upon the property of this petitioner.

This petition was sworn to by the petitioner, and was presented to the master in chancery, who made an order for a writ of certiorari.

Bond was given, and certiorari issued. At the March term,

Clifford *v.* Waldrop.

1857, of the Circuit Court of Montgomery county, the plaintiff moved the court to dismiss the certiorari, for the following reasons:

1st.  Because the said petition does not sufficiently show that the judgment appealed from was not the result of the negligence of the defendant.

2nd.  Because the said petition does not show a sufficient reason for the neglect of defendant to take an appeal in the ordinary way.

3rd.  Because said petition is, in divers other respects, informal and insufficient.

The court, RICE, Judge, presiding, overruled this motion, and defendant excepted.

The cause was then tried by jury, and a verdict for defendant.

Plaintiff moved for a new trial, which was overruled by the court, and judgment rendered for defendant for costs of suit, and plaintiff excepted.

The cause is now brought here by writ of error, and the following errors assigned:

1st.  The court erred in overruling plaintiff's motion to dismiss the writ of certiorari.

2nd.  The court erred in overruling plaintiff's motion for a new trial.

J. M. PALMER, and H. M. VANDEVER, for Plaintiff in Error.

E. B. HERNDON, for Defendant in Error.

CATON, C. J.  The petition in this case was insufficient.  The statute requires that the petition for the writ " shall set forth and show " that the judgment before the justice of the peace was not the result of negligence.  This petition only sets forth that fact, but it does not show it.  The petition should set forth the facts which show that the party was not guilty of negligence in not attending to and defending the cause before the justice.  The mere statement of the conclusion that the judgment was not the result of his negligence, does not show that fact.  That is a conclusion for the court to draw from the facts stated.  *Russel* v. *Pickering*, 17 Ill. R. 31.

The judgment of the Circuit Court must be reversed, and the appeal dismissed, and the judgment of the justice stand in force.

*Judgment reversed.*