FIRST NATIONAL BANK OF CHICAGO

*v.*

JAMES W. BERESFORD.

1. JUSTICE OF THE PEACE—*practice in courts of.* Under the practice which has existed, for many years, in justices' courts, it is the duty of the justice to hold a case open one hour after the time named in the summons for a defendant to appear, but he is not required to wait longer before rendering judgment. At the expiration of the hour, it is his duty to call and dispose of the case, and the presumption is, that he does so.

2. CERTIORARI—*under the statute.* The facts required by the statute, to authorize a writ of *certiorari* to remove a cause from a justice of the peace to the circuit court, must be *shown* by the petition, not merely alleged as a conclusion of the party.

3. A petition for a writ of *certiorari* stated that the defendant appeared at the office of the justice of the peace two hours after the time he was required by the summons to appear, and was then informed by a clerk of the justice that no judgment had been rendered against him, and that none could be rendered after that time: *Held,* that a clerk of a justice of the peace is an officer unknown to the law, and, if a party acts upon information obtained from that source, it will be at his peril.

4. Where the petition states that the petitioner appeared after the time he was required by law to do so, and was informed by a clerk of the justice that no judgment had been rendered, and this statement is followed

by an allegation that the judgment was afterwards rendered, this allegation is but a conclusion of the party based upon such information, and is not sufficient to show that the judgment before the justice was not the result of his own negligence.

5.  If the petition had stated that he examined the docket and found no judgment, and based the allegation that the judgment was rendered afterwards, upon that fact, the averment would have been good.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. HITCHCOCK & DUPEE, for the appellant.

Messrs. BARNUM & CRANE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Appellee, on the 6th day of March, 1875, obtained a judgment before a justice of the peace, in the city of Chicago, against appellant, for the sum of $121.15.

After the expiration of twenty days, allowed by the statute for an appeal, appellant removed the cause into the circuit court of Cook county, by *certiorari.*

The circuit court, on motion, quashed the writ and dismissed the appeal, on the ground that the petition was insufficient.

The statute requires that the petition shall set forth and show, upon the oath of the applicant or his agent, that the judgment was not the result of negligence in the party praying the writ, that the judgment is unjust and erroneous, and that it was not in the power of the party to take an appeal in the ordinary way.

In the case of *Russell* v. *Pickering,* 17 Ill. 31, it was held, that the three facts required by the statute must be *shown* by the petition, not merely alleged as a conclusion of the party. It appears, from the petition filed in this cause, that the process issued by the justice, and served upon the appellant, was returnable on the 6th day of March, 1875, at 9 o'clock A. M.;

that the appellant did not appear at the office of the justice, until the hour of 11 o'clock A. M.

Under the practice which has existed for many years, in justices' courts, we apprehend it was the duty of the justice of the peace to hold the case open until 10 o'clock, as the defendant was summoned to appear at 9 o'clock, but we are aware of no authority that would require the justice to wait another hour for the defendant to appear and make a defense to the action.

No excuse or reason, whatever, is shown by the petition, for the failure of appellant to appear before the justice within the time required, to enable him to interpose a defense to the action.

Under such circumstances, where no diligence is attempted to be shown, in defending the suit, within the time required by law for the defendant to appear and defend, it can not, in justice to the rights of both parties, be said, that the judgment before the justice was not the result of negligence of appellant.

The petitioner, however, seeks to avoid the provision of the statute which requires him to show that the judgment before the justice was not the result of his own negligence, by an allegation that when he did appear at the hour of 11 o'clock, in the absence of the justice, he was notified by a clerk of the justice of the peace that no judgment had been rendered and that no judgment could, after that time, be entered against him. Then follows an allegation that the judgment was rendered after that time, by the justice of the peace.

A clerk of a justice of the peace is, however, an officer unknown to the law. Appellant had no right to rely upon any information obtained from him, and if he saw proper to act upon information obtained from that source, it must be at his peril.

The docket of the justice of the peace was in the office when appellant appeared, and if he desired to learn whether a judgment had been rendered against him or not, an inspec-

tion of the docket would have given reliable information, upon which he could, with safety, have acted, but, although appellant had the opportunity and right to examine the docket, it was not resorted to.

The allegation in the petition that the judgment was rendered after appellant had left the office, when considered in connection with the other allegations, is but a conclusion of appellant based upon the information derived from the clerk.

The petition shows that the summons was returnable at 9 o'clock A. M. At 10 o'clock, it was the duty of the justice to call the case, hear the evidence, and render a judgment. In the absence of proof to the contrary, we must presume the justice did his duty.

If appellant, when at the office of the justice of the peace, had examined the docket, and found no judgment rendered against him, and based the allegation that a judgment was entered after that time, upon such fact, the averment in the petition would, no doubt, have been good, but the petition as framed does not show that degree of diligence required by the law, and the circuit court did right in dismissing the appeal.

The judgment will therefore be affirmed.

*Judgment affirmed.*