## ELIJAH C. COLE
### v.
## JAMES W. ATKINSON.

CERTIORARI.—A petition for a *certiorari* showed as reasons why an appeal was not taken from the judgment of the justice, that the case before the justice was continued to a certain hour, and at the hour named, the defendant appeared for trial, and found neither the plaintiff nor justice was present, and was told by the justice's clerk that the justice would not be present that day for the trial of the case. Judgment had in fact been entered for plaintiff on that day an hour before the time fixed. *Held*, sufficient to support a petition for *certiorari*.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed May 25, 1880.

Messrs. STILES & LEWIS, for appellant; that a motion to quash is in the nature of a demurrer, and admits the facts stated in the petition, cited Otten v. Lehr, 68 Ill. 64.

The facts stated are sufficient to support a petition for *certiorari:* Davis v. Randall, 26 Ill. 243; McNerney v. Newberry, 37 Ill. 91; Cook v. Hoyt, 13 Ill. 144; Otten v. Lehr, 68 Ill. 64.

A motion to quash cannot be aided by matter outside the record: Davis v. Randall, 26 Ill. 243; Harrison v. Chipp, 25 Ill. 575.

Mr. ALLAN C. STORY, for appellee; that the petition is defective, cited Russell v. Pickering, 17 Ill. 31; First Nat. Bank v. Beresford, 78 Ill. 391; Clifford v. Waldrop, 23 Ill. 336; Murray v. Murphy, 16 Ill. 275; Cushman v. Rice, 1 Scam. 565; Yunt v. Brown, 1 Scam. 264; White v. Frye, 2 Gilm. 65; Hough v. Baldwin, 16 Ill. 293; Doane v. Sibbitt, 61 Ill. 485; Dye v. Noel, 85 Ill. 290; Davis v. Randall, 2ᵔ Ill. 243.

The statement of defenses is not sufficient: Constantine v. Wells, 83 Ill. 192; Rich v. Hathaway, 18 Ill. 548; Titsworth v. Hyde, 54 Ill. 386; Weaver v. Poyer, 70 Ill. 567; Blackburn v. Bell, 1 Ill. Syn. Rep. 289.

The transcript of proceedings before the justice is a record and cannot be contradicted: Blackburn v. Bell, 1 Ill. Syn. Rep. 289; Harris v. Lester, 80 Ill. 307; Spring v. Kane, 86 Ill. 580.

McALLISTER, J. This is an appeal from the judgment of the circuit court quashing a statutory *certiorari* to justice's court for insufficiency of petition. We are inclined to the opinion that the petition sufficiently shows by the facts set forth that the judgment before the justice was not the result of negligence in the defendant Cole, the petitioner, and that its facts in this respect distinguish it from the case of National Bank v. Beresford, 78 Ill. 391. There the defendant was guilty of negligence in not appearing until an hour after the time when the court might lawfully and within the understanding of the parties have rendered a judgment, at which time it was in fact rendered. But the justice being absent at the time the defendant came, the latter simply asked the justice's clerk, who is not an officer, if judgment had been rendered, and being told that none had, he went away without looking at the docket. That man was negligent: (1st), in not appearing in time; (2d), in not looking at the docket, because a judgment could have been rendered legally by the justice, and in perfectly good faith, so far as the plaintiff was concerned. In the case in hand the circumstances are materially different. Here the case was in condition for trial April 11, at 2 o'clock, P. M. Both parties were present, but the plaintiff was not ready. He wanted the case continued to April 17. Defendant agreed to it, and it was marked on the

Cole v. Atkinson.

wrapper of the files, "Continued to 2 o'clock P. M., April 17th."
Then the plaintiff objected to that time, saying he could not
get his witnesses before 4 o'clock. To accommodate him, de-
fendant agreed to that, but the time on the wrapper was marked
3 o'clock instead of 2, as before, in which case by the common
law of justices' court practice, the case would not be for trial
until 4. On this day, to which the case was continued, the de-
fendant appeared twenty minutes before 4 o'clock, and in this
he was diligent, and unlike the defendant in the case referred
to. Now, this case having been continued to 3 o'clock, which
meant for trial at 4, at the plaintiff's request and by express
agreement, the plaintiff could not take judgment against de-
fendant before 4 o'clock without an act of bad faith on his part.
But it appears that he did. The defendant coming there so
long before the time at which the justice had a legal right to
hear the case, or the plaintiff the legal or moral right to take
judgment, found neither the plaintiff nor justice there. He
waited patiently until after 4 o'clock, and was then told that
the justice had gone to Springfield, so that the case could not
be disposed of that day. He was told this by the justice's
clerk in his office.

This was not information as to official acts. It was informa-
tion about a fact which it would have been difficult for the de-
fendant to have investigated. Although the clerk was not a
public officer, yet he was a man; and, from his position pre-
sumably as honest as the average of mankind, and being in the
justice's office he was presumed to know the fact he stated.
Now we think no negligence is to be imputed to the defendant
in arriving at the conclusion, from these facts, that the absence
of the justice would work a discontinuance of the case, as it
would if the plaintiff had not fraudulently taken judgment a
couple of hours before he was entitled to it. It does not lie
with him, under the facts stated in the petition and admitted by
the motion to quash to be true, to insist that defendant was
guilty of negligence in not suspecting that he had been guilty
of bad faith.

The facts and circumstances set out in the petition show that
the judgment before the justice was not only not the result of

negligence in the defendant, but was the result of overreaching and bad faith on the part of the plaintiff, and are sufficient to show how defendant was thereby misled and prevented from appealing in the ordinary way. Does it sufficiently show that the judgment was unjust and erroneous? It states that the plaintiff brought the suit to recover the sum of one hundred and forty-seven dollars and forty cents, claimed to be due from said petitioner to said Atkinson, for labor and materials and breach of contract. Then it avers that he, the petitioner, was not at the commencement of said suit, and is not now in any manner indebted to said Atkinson, and that said judgment is wholly unjust and erroneous. In this respect, the statute requires the petitioner to " show that the judgment, in his opinion, is unjust and erroneous, setting forth wherein the injustice and error consist." The allegations of the petition set forth the plaintiff's claim, and then negative it *in toto*. We cannot conceive that any detail is necessary in such a case, any more than it is in setting up a total want of consideration, and the Supreme Court seems to have taken that view, in McNerney v. Newberry, 37 Ill. 91.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.