## THE CITY OF BELLEVILLE
## v.
## MARIA STAUDER.

*Dram Shops—Ordinances—Appeal—Certiorari—Practice.*

1. The motion to quash the writ of *certiorari*, and the ruling thereon, not being presented by a bill of exceptions in the case presented, this court is precluded from considering the assignment of errors thereon.

2. This court is likewise precluded from considering the other errors assigned, for the reason that the record does not show that the pretended ordinance offered in evidence prohibiting the sale of intoxicating liquors, was ever passed or published.

[Opinion filed March 11, 1893.]

City of Belleville v. Stauder.

Appeal from the Circuit Court of St. Clair County; the Hon. A. S. Wilderman, Judge, presiding.

Messrs. August Barthel, City Attorney, and Barthel & Farmer, for appellant.

Mr. William Winkelmann, for appellee.

Mr. Justice Sample. The city obtained a judgment before a justice of the peace for $200 against appellee for the violation of an alleged ordinance, prohibiting the sale of intoxicating liquor, from which judgment appellee prayed an appeal, which appeal was not perfected within the time prescribed by law, but was thereafter obtained by *certiorari* under the statute, on petition granted by the master in chancery, in the absence of the judge of the Circuit Court. On the opening of court the city, by its attorney, moved the court to quash the writ and dismiss the *certiorari* proceedings, which motion was overruled, but no exceptions were taken thereto. Neither was the motion to quash nor the ruling thereon incorporated and preserved in a bill of exceptions.

The case proceeded to trial before a jury which found for the appellee, and judgment thereon was entered after motion for new trial was overruled.

The errors assigned and argued relate to the action of the court in overruling the motion to quash the writ, in giving and refusing certain instructions, and in overruling the motion for a new trial. The record is so imperfect that we can not enter into the merits of this case.

The motion to quash the writ of *certiorari* and the ruling thereon not being preserved by a bill of exceptions, we are precluded from considering the assignment of error thereon. Thompson v. White, 64 Ill. 314.

We can not consider the other errors assigned for the reason that this record does not show that the pretended ordinance offered in evidence, prohibiting the sale of intoxicating liquor, was either ever passed or published. Therefore,

although we do not agree with the court below as to the law as laid down in some of the instructions given for the appellee, yet as there was no ordinance violated, so far as shown by this record, no injury resulted therefrom to appellant.

The judgment is affirmed.

*Judgment affirmed.*