## Charles H. Horrell v. James V. Horrell.

1. CERTIORARI—*Requisites of the Petition*.—To authorize the issuance of a writ of *certiorari* to remove a cause from a justice of the peace into the Circuit Court for trial, the petition for the writ must set forth and show: 1. That the judgment before the justice of the peace was not the result of negligence in the party praying for the writ. 2. That the judgment, in his opinion, is unjust and erroneous, setting forth wherein the injustice and error consists. 3. That it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing.

2. CERTIORARI—*What is Not a Compliance with the Statute*.—It is not a compliance with the statute for the petitioner to state his opinion or conclusion merely. He must set forth and show the facts and permit the court to draw the conclusion therefrom. If he fails to do this as to either of the three specifications of the statute, or if the facts set forth as to either of those specifications appear insufficient to support the conclusion, the petition is fatally defective, and the order of the writ should be refused, or if granted tentatively, then the writ itself should be quashed by the Circuit Court on motion for that purpose made in apt time.

3. CERTIORARI—*Negligence Bars the Right*.—The law gives a plaintiff in justice's court the right before the trial is entered upon to have the defendant exhibit his account or state the nature of his set-off. In case of surprise he has the right to apply for a continuance. If he chooses to conduct his case without an attorney, he is chargeable with knowledge of his legal rights; and if he does not demand that the defendant exhibit his account, or state the nature of his set-off, and does not apply for a continuance, he will be guilty of such negligence as to justify the Circuit Court in quashing his writ of *certiorari*.

4. CERTIORARI—*Failure to Take an Appeal.*—Where a petition for a writ of *certiorari* does not show that the plaintiff intended to take an appeal, not praying an appeal when the judgment was rendered, but does show that, five or six days afterward, he started to the nearest attorney, a distance of ten miles, to get advice in regard to taking an appeal, that he was taken sick on the way and was under the constant care of a physician for two weeks, and was unable to return home for two weeks more, but does not show that he asked any one to procure an appeal bond for him, or that he was so sick as to forget his business, or to be unable to make an effort to have an appeal bond filed in apt time, *it was held* that the petition failed to show that an appeal could not have been taken in the ordinary way.

**Memorandum.**—*Certiorari* to bring up a case from a justice's court. Appeal from an order of the Circuit Court of Randolph County, quashing the writ; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

BRIEF FOR PLAINTIFF IN ERROR, HARTZELL & SPRIGG AND J. B. SIMPSON, ATTORNEYS.

Plaintiff in error contended that the petition contained the requisites of the statute, to wit: That the judgment was not the result of negligence; that it was unjust, and that it was not in the power of the petitioner to take an appeal in the ordinary way. R. S., Chap. 79, Sec. 62, 75 and 76; Dye v. Noel et al., 85 Ill. 290; Lord et al. v. Burke, 4 Gilm. 367; Cook v. Hoyt, 13 Ill. 144; Otten v. Lehr, 68 Ill. 64.

BRIEF FOR DEFENDANT IN ERROR, WM. M. SCHUWERK, ATTORNEY.

In cases of this kind three facts must affirmatively appear from the petition, viz.:

1. That the judgment before the justice of the peace was not the result of negligence in the party praying such writ.

2. That the judgment is unjust and erroneous, setting forth wherein the injustice and error consists.

3.    That it was not in the power of the party to take an appeal, in the ordinary way, setting forth particular circumstances which prevented him from so doing.   R. S., Chap. 79, Sec. 76;  Murray v. Murphy, 16 Ill. 275;  First Nat. Bank v. Beresford, 78 Ill. 391.

The petition must show facts establishing petitioner's right under statute;  general averments are not sufficient. Russell v. Pickering, 17 Ill. 31.


MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Charles H. Horrell sued James V. Horrell before a justice of the peace of Randolph county, for a balance of $191.50 alleged to be due him.   The defendant interposed a set-off by way of defense, and on December 23, 1891, recovered a judgment against the plaintiff for $70.19.   The plaintiff did not perfect an appeal from this judgment, but, on March 8, 1892, obtained an order from one of the judges of the Circuit Court for the issuance of a statutory writ of *certiorari*, whereby the cause was removed to the Circuit Court for trial.   At the September term of the Circuit Court this writ was quashed and judgment was rendered in favor of the defendant for costs.   The plaintiff has brought the record to this court, and now asks a reversal of the judgment of the Circuit Court.

To authorize the issuance of a writ of *certiorari* to remove a cause from a justice of the peace into the Circuit Court for trial, the petition for the writ must set forth and show : First.  That the judgment before the justice of the peace was not the result of negligence in the party praying for the writ.   Second.  That the judgment, in his opinion, is unjust and erroneous, setting forth wherein the injustice and error consist.   Third.  That it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing.   It is not a compliance with the statute for the petitioner to state his opinion or conclusion merely.   He must set forth and show the facts and permit the court to draw

the conclusion therefrom. If he fails to do this as to either of the three specifications of the statute, or if the facts set forth as to either of those specifications appear insufficient to support the conclusion, the petition is fatally defective, and the order for the writ should be refused, or if granted tentatively, then the writ itself should be quashed by the Circuit Court on motion for that purpose made in apt time. Starr & Curtis' Annotated Statutes, Chap. 79, Sec. 76; Murray v. Murphy, 16 Ill. 275; Russel v. Pickering, 17 Ill. 31; Clifford v. Waldrop, 23 Ill. 336; Harrison v. Chipp, 25 Ill. 575; First National Bank of Chicago v. Beresford, 78 Ill. 391; Darmstaedter v. Armour, 17 Brad. 285.

The only allegations of the petition bearing upon the first and second requirements of the statute are the following : "Your petitioner further states that he was not aided by attorney or other counsel, and had no knowledge or information whatever, of any claim of defendant against him for board, amounting to $120, and was wholly surprised by it, and was therefore unprepared with witnesses by whom he could prove its payment, and that upon another trial he expects to prove payment of it, and that he is not in any manner indebted to the said James V. Horrel, but that he is justly indebted to your petitioner." "And your petitioner further shows that he was not at that time, nor is he now in any manner indebted to the said James V. Horrell, and that said judgment is wholly unjust and erroneous." These allegations show affirmatively that if plaintiff in error had not been guilty of negligence, he could have secured time for the presentation of his defense. The law gave him the right, before the trial was entered upon, to have the defendant exhibit his account or state the nature of his setoff. In case of surprise, he had the right to apply for a continuance. Having chosen to conduct his case without an attorney, he is chargeable with knowledge of his legal rights; and not having demanded that the defendant exhibit his account or state the nature of his set-off, and not having applied for a continuance, he is guilty of such negligence as to justify the action of the Circuit Court in quashing the writ.

Nor do the allegations of the petition set forth such facts as show that the justice's judgment was either unjust or erroneous. The petitioner complains that he was unprepared with witnesses by whom he could prove payment of the defendant's account for board; but he does not allege that he could procure such witnesses, except argumentatively, which is certainly insufficient. He does not assert that the account for board has been paid, or that he could prove payment thereof. He does state that he expects to prove payment upon another trial; but he might expect to do this without any reasonable ground for his expectation to rest upon. The petition fails to meet the second requirement of the statute.

As to the third requirement, the petition is likewise defective. In each of the cases cited by plaintiff in error upon this point, the facts alleged show clearly an intention to take an appeal within the twenty days allowed for that purpose, and an effort to carry that intention into effect, which was defeated, however, by circumstances which the petitioner could not control in the exercise of a reasonable degree of diligence. In the case before us the petition does not show that the plaintiff in error intended to take an appeal. He did not pray an appeal when the judgment was rendered. Five or six days afterward "he started to the nearest attorney, a distance of ten miles, to get advice in taking an appeal of his case. He was taken sick on the way and was under the constant care of a physician for two weeks, and was unable to return home for two weeks more, or to transact any business till after the time allowed for taking an appeal had expired." What was his purpose in seeking an attorney? To get advice as to whether he should appeal or not. He had not as yet formed an intention of taking an appeal. He alleges that "he had no one;" that he did not "know of any one whom he could get who knew of his condition, or the facts, to procure an appeal bond for him." But he did not mention the subject to his physician, or to any attendant, nor did he request any one to procure a bond for him. He was rational and able to

execute a bond, for aught that appears in the petition to the contrary. Construing the petition, in matter of doubt, against the petitioner, who could have prevented all uncertainty and ambiguity by explicit statement, we are of the opinion that the petition fails to show that an appeal could not have been taken in the ordinary way. But if there should be any doubt on this point, there is none as to the non-compliance of the petitioner with the first two requirements of the statute. The judgment of the Circuit Court is affirmed.