## Chicago World Book Co. v. Nicholas Brewer.

1. Certiorari—*Insufficient Petition.*—A petition for a writ of certiorari on behalf of a corporation to remove a justice's judgment into the Superior Court, made by the president, stated as the grounds of such removal, the illness and death of his wife, which took his whole attention, so that all matters of business passed from his mind until it

was too late to appeal; that he was the president and sole manager, and no other person had any knowledge of the suit or of the judgment; that the company was not in any manner indebted to the plaintiff, and had a complete defense to his claim. *Held,* that the petition was insufficient.

2. Same—*Statement of Conclusions.*—The statements in a petition for a writ of certiorari that the defendant was not in any manner indebted to the plaintiff and had a complete defense to his claim are but mere conclusions.

3. Same—*Statutory Requirements.*—The statement in a petition for a certiorari that a judgment is wholly unjust and erroneous is not a compliance with the statute requiring the petition to set forth wherein the injustice and error consist.

Memorandum.—Appeal from the Superior Court of Cook County; the Hon. James Goggin, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

J. Edwards Fay and E. T. Noonan, attorneys for appellant.

Appellee's Brief, Smith, Helmer & Moulton, Attorneys.

To permit an appeal on this petition, would make it too easy for a debtor to sleep on his rights and perfect his appeal when the debt was about to be made. It would, in effect, extend the time of appeal from twenty days to six months. The petition is not sufficient. O'Hara v. O'Brien, 4 Brad. 156; Hough v. Baldwin, 19 Ill. 293; Harrison v. Chipp, 25 Ill. 579; Cushman v. Rice, 1 Scam. 565.

Mr. Justice Gary delivered the opinion of the Court.

May 15, 1893, the appellee sued the appellant before a justice and filed an affidavit stating specifically that his demand was for writing a history of Maryland.

The summons was served upon one Dougherty, agent of the appellant, and returnable May 25th, when the parties appeared; the case was continued to June 15th, and then continued to June 26th, " for deposition," and on this last named day, with the parties present, was tried and judgment rendered for the appellee.

August 8, 1893, Charles E. Davis, not the appellant, by

petition, prayed the Hon. James Goggin, one of the judges of the Superior Court, to grant a writ of certiorari to remove the cause from before the justice into that court.    That petition stated that when the judgment was rendered the wife of Davis was extremely ill, and died July 13th, and the funeral was July 17th, and that her illness and death took his whole attention so that all matters of business passed from his mind until it was too late to appeal within twenty days after the judgment; that he is the president and sole manager of the company, and that no other person interested in it had any knowledge of the suit, or of the judgment; that the company was not in any manner indebted to the appellee; that the judgment is wholly unjust and erroneous and that the company had a complete defense.

The certiorari was granted and the transcript and papers from the justice filed August 8, 1893, and the appellee entered in the Superior Court, his appearance, August 16, 1893.

Nothing further was done until notice by the attorneys of the appellee dated January 29, 1894, that on January 23d, they would ask to have the petition set for hearing, and February 10, 1894, the writ of certiorari, for what cause does not appear, was dismissed, nor does it appear that the attorneys of the appellant were then present, or had any notice, except inferentially from what is written by the clerk, that the appellee entered its exceptions and prayed an appeal, which is in the same entry as is the judgment of dismissal.

There are many reasons why the judgment of the Superior Court can not be reversed.    We do not know why the court dismissed the writ.    There is no bill of exceptions.    Blair v. Ray, 103 Ill. 615; Chicago v. Porter, 124 Ill. 589; City of Belleville v. Stauder, 47 Ill. App. 376; Sanitary District v. Cook, 51 Ill. App. 424.

I have said as much as becomes one man as to the loose practice of this State requiring a party to take notice of what the court is about in his cases.    Post-Boynton Co. v. Williams, 57 Ill. App. 434.

The appellant did not petition—Davis did in his own name.

We do not care to comment upon his affliction or its consequences, but the statute requires that a petition shall "set forth wherein the injustice and error of the judgment consists," and the statement in the petition that the company was not in any manner indebted to the appellee, is no such setting forth. Harrison v. Chipp, 25 Ill. 575.

That statement is a mere conclusion. McGeoch v. Hooker, 11 Ill. App. 649. The dealings with the appellee should have been described, or all dealings denied.

There is no relief for the appellant and the judgment is affirmed.