## C. E. Couch, Appellee, v. Illinois Central Railroad Company, Appellant.

1. JUSTICES OF THE PEACE, § 304*—*what showing necessary in petition to warrant relief from judgment on certiorari.* Relief cannot be obtained against a justice's judgment by certiorari under Hurd's Rev. St., chapter 79, paragraphs 186 to 190, without showing facts rather than conclusions in the petition sufficient to establish, (1) that the judgment was not the result of negligence, (2) that it is unjust and erroneous, and (3) lack of opportunity to appeal.

2. JUSTICES OF THE PEACE, § 305*—*when allegation in petition for certiorari is insufficient.* An allegation in a petition for certiorari to review a justice's judgment that the petitioner was not then and is not now indebted to the plaintiff is not a sufficient compliance with the provision of the statute requiring the petitioner to set forth wherein the injustice and error consist.

3. JUSTICES OF THE PEACE, § 304*—*when allegations of petition for certiorari insufficient to overcome constable's return of service on local agent.* An allegation in a petition for certiorari to review a justice's judgment against a railroad company that at the time suit was started and for more than 20 days after judgment the petitioner was not informed and did not know, and had no means of knowing, that such suit was pending because it was not served with summons, verified by the freight claim agent on information and belief and by the local agent, is not sufficient to overcome the presumption raised by the constable's return of service on the local agent, and hence does not meet the requirements of the statute putting the burden on the petitioner.

4. CORPORATIONS, § 493*—*what insufficient to overcome presumption raised by return of service on agent.* The presumption raised by the constable's return of service of summons on a local railroad agent is not overcome by an affidavit that the company was not informed, because it was not served with summons.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 12, 1919.

BURTON & BURTON, for appellant; JOHN G. DRENNAN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

HAROLD J. BANDY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The Illinois Central Railroad Company filed a petition for certiorari in the Circuit Court of Madison county on February 9, 1918. The writ was issued and a transcript of the record of the case of *C. E. Couch v. Illinois Central Railroad Company,* before S. M. Mueller, justice of the peace, was sent to that court. On April 23, 1918, appellee entered his appearance and filed a motion to quash the writ.

It appears from the petition for certiorari that on October 30, 1917, appellee commenced an action against appellant before said justice to recover $300 alleged to be due him from appellant for certain property shipped by appellee from Vergennes, Illinois, to himself at Granite City, Illinois, and that on November 5, 1917, the justice rendered judgment against appellant for $275 and costs. The petition also alleges that at the time suit was started, and for more than 20 days after judgment was rendered, appellant was not advised or informed and did not know and had no means of knowing that such suit was pending because it was not served with summons; that at the time suit was started, appellant was not and is not now indebted to appellee and that the judgment is unjust and erroneous.

Appellee moved to quash the writ on the grounds that the record shows a summons was served as required by law; that appellant did know that said suit was pending before the justice prior to the day of trial; that the petition fails to state when appellant learned of the rendition of judgment and that the petition is argumentative. The court allowed appellee's motion, quashed the writ and rendered judgment for appellee, from which judgment the railroad company has appealed to this court.

Provision is made for relief by certiorari in chapter 79, paragraphs 186 to 190 of our statutes. It is there required that the petition shall set forth and show, upon the oath of the applicant or his agent, (1) that the judgment was not the result of negligence in the party praying the writ; (2) that the judgment in his opinion is unjust and erroneous, setting forth wherein the injustice and error consists; and (3) that it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing. Our courts have uniformly held that the three facts required by the statute must be shown by the petition, not merely alleged as a conclusion of the party. *Russell v. Pickering,* 17 Ill. 31; *First Nat. Bank of Chicago v. Beresford,* 78 Ill. 391; *Schmitt v. Edward Hines Lumber Co.,* 124 Ill. App. 319. The petition "must set forth and show the facts and permit the court to draw the conclusion therefrom. If he fails to do this as to either of the three specifications of the statute, or if the facts set forth as to either of those specifications appear insufficient to support the conclusion, the petition is fatally defective, and the order for the writ should be refused, or if granted tentatively, then the writ itself should be quashed by the Circuit Court on motion for that purpose made in apt time." *Horrell v. Horrell,* 52 Ill. App. 477; *Clifford v. Waldrop,* 23 Ill. 336. Appellant's petition was insufficient in that it failed to state wherein appellee's judgment was unjust and erroneous.

Appellant's allegation that it was not at the time of the commencement of the action and is not now indebted to appellee does not meet the requirements of the statute in this regard. *Chicago World Book Co. v. Brewer,* 57 Ill. App. 526. The return of the summons in this case is as follows: "Personally served the within summons on the within-named defendant, the Illinois Central Railroad Company, a corporation,

by leaving a true copy thereof with C. O. Shumway, agent of said corporation in my county, this 30th day of October, A. D. 1917, its president, secretary, superintendent, general agent, cashier or principal clerk, or either of them, not found in my county. Jno. Howells, Constable.''

In form the return meets the requirements of section 8, ch. 110 of the Statute (J. & A. ¶ 8545). Can its verity be overcome by the allegation of the petition that no summons was served upon it as is required by law? ''The rule is that where the legality of the acts of a public officer are brought collaterally in question, he will be presumed to have done his duty.'' *Hogue v. Corbit,* 156 Ill. 540. ''A sound public policy, the security of litigants and the stability of legal proceedings demand that the return of the sworn officer shall not be set aside or impeached except upon satisfactory evidence. Every presumption in favor of the return is indulged, and it will not be set aside upon the uncorroborated testimony of the party upon whom service purports to have been made.'' *Kochman v. O'Neill,* 202 Ill. 110. The petition is verified on information and belief by B. D. Bristol, freight claim agent, and therefore his statements cannot be given much if any weight in overcoming the return. The other affiant is C. O. Shumway, the person upon whom service purports to have been made. He only loosely, indefinitely and by way of argument contradicts the officer's return. Under the authorities cited and the facts stated, the return of the constable indorsed on the summons in this case has not been overcome. The petition therefore does not meet the requirements of the statute, and under the law cited the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*