## W. L. Simpson, Appellee, v. A. J. Sligar, Appellant.

1. JUSTICES OF THE PEACE—*requisites of petition for certiorari to remove cause from justice court.* A petition for a writ of certiorari to remove a cause from the court of a justice of the peace upon the grounds provided in sections 186 to 190 of the act governing justices and constables, Cahill's St. ch. 79, ¶ 178, is fatally defective unless it states facts showing the existence of the statutory prerequisites to such relief.

2. JUSTICES OF THE PEACE—*sufficiency of petition for certiorari to remove cause from justice court.* Petition for certiorari to remove cause from justice court pursuant to sections 186 to 190 of the act governing justices and constables, Cahill's St. ch. 79, ¶ 178, held fatally defective in that it failed to state wherein judgment in cause was unjust and erroneous, and otherwise fell short of the requirements of the statute.

3. CERTIORARI—*construction of petition for writ.* A writ of certiorari is controlled by the statute, and the petition therefore is construed strictly as against the petitioner.

Appeal by defendant from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed February 17, 1926.

L. B. SKIPPER and CHARLES H. HOLT, for appellant.

WILSON & WILSON, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

Appellant filed a petition in the circuit court of Marion county in August, 1924, to have brought before said court a transcript of the record in the case of *W. L. Simpson v. A. J. Sligar*, before S. B. Warren, a justice of the peace. The petition was presented to the master in chancery of said county and he ordered that a writ issue for the removal of said cause to said circuit court. The record was filed in the office of the clerk of the circuit court, and a motion was made by appellee to quash said writ.

The petition alleges that W. L. Simpson commenced an action against petitioner before one Bradshaw Warren, a justice of the peace of said county, to recover $96. Said petition further alleges that the said justice, after said cause was heard and said trial had been had, stated that he would not enter a judgment until certain premises belonging to appellant had been surrendered by appellee and certain rents claimed by appellant to be due from appellee had been paid; that without giving appellant any notice in reference thereto, said justice on July 1, 1924, rendered judgment against appellant for $96 and costs of suit; that appellant had no notice of the rendition of said judgment on that day, and did not learn of the same until the 9th day of August, 1924, when he was served with an execution on said judgment, that being more than 20 days after the rendition of said judgment, he had no opportunity to appeal said cause. Appellant further sets forth in said petition "that he is not indebted to the said W. L. Simpson in any sum whatsoever, and that upon a trial of said cause it will appear that the said W. L. Simpson is indebted to your petitioner; that the said judgment is unjust and erroneous and in fraud of your petitioner's rights, and that the judgment as rendered was not the result of any negligence on the part of your petitioner and was obtained by false representations and the statement of the justice of the peace, that no judgment would be rendered thereon at that time, but that the cause would be continued until the plaintiff, W. L. Simpson, surrendered possession of the property to petitioner and accounted for the rents, and at which time all parties would be notified so their rights might be preserved."

Provision is made for relief by certiorari in chapter 79, paragraphs 186 to 190, in our statutes [Cahill's St. ch. 79, ¶ 178]. It is there required that the petition shall set forth and show, upon the oath of the applicant or his agent: (1) that the judgment was not the result

of negligence in the party praying the writ; (2) that the judgment, in his opinion, is unjust and erroneous, setting forth wherein the injustice and error consists; and (3) that it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing.

Our courts have uniformly held that the three facts required by the statute must be shown by the petition, not merely alleged as a conclusion of the party. *Couch v. Illinois Cent. R. Co.*, 213 Ill. App. 429-431, citing: *Russell v. Pickering*, 17 Ill. 31; *First Nat. Bank of Chicago v. Beresford*, 78 Ill. 391; *Schmitt v. Edward Hines Lumber Co.*, 124 Ill. App. 319.

The petitioner must set forth and show the facts, and permit the court to draw the conclusions therefrom. If he fails to do this as to either of the three specifications of the statute, or if the facts set forth as to either of those specifications appear insufficient to support the conclusion, the petition is fatally defective, and the order for the writ should be refused, or, if granted tentatively, then the writ itself should be quashed by the court on motion for that purpose made in apt time. *Horrell v. Horrell*, 52 Ill. App. 477; *Clifford v. Waldrop*, 23 Ill. 336; *Couch v. Illinois Cent. R. Co., supra*, 431.

Appellant's petition is insufficient in that it fails to state wherein the judgment rendered against him was unjust and erroneous. Said petition is further insufficient in that the allegation to the effect "that petitioner is not indebted to the said W. L. Simpson in any sum whatsoever, and that upon a trial of said cause it will appear that the said W. L. Simpson is indebted to your petitioner," does not meet the requirements of the statute in this respect. *Chicago World Book Co. v. Brewer*, 57 Ill. App. 526; *Couch v. Illinois Cent. R. Co., supra*, 431.

Appellee calls attention to the fact that the transcript

of the record filed from the justice court discloses that the claim sued on was for $296.62, whereas the judgment is only for $96, and that said transcript shows that the court allowed a set-off of $200 in favor of appellant, and that said transcript shows that said judgment was not in fraud of appellant's rights. Without reference thereto, an examination of the petition clearly discloses its insufficiency.

A writ of certiorari is controlled by the statute, and the petition therefore is construed strictly as against the petitioner. *Cushman v. Rice,* 2 Ill. (1 Scam.) 565; *Davis v. Randall,* 26 Ill. 243; *Schmitt v. Hines Lumber Co., supra,* 320; *Town of Waverly v. Kemper,* 88 Ill. 579; *Doan v. Sibbit,* 61 Ill. 485.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*