Norval L. Auman, Petitioner-Appellee, v. J. Hungerford Smith Company, Respondent-Appellant.

Gen. No. 10,498.

Opinion filed September 14, 1951. ˙Released for publication October 2, 1951.

JAMES L. COBURN, of Elizabeth, and GORDON MOFFETT, of Wheaton, for appellant.

JAMES R. HANSGEN, of Galena, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On February 16, 1950, a writ of certiorari issued upon the petition of Norval L. Auman. In obedience to the command of this writ, Harry L. Hudson, a justice of the peace, transmitted to the circuit court of Jo Daviess county a transcript of the proceedings had before him in the case of *J. Hungerford Smith Company v. Norval L. Auman.*

The respondent, J. Hungerford Smith Company, entered its special appearance in the circuit court and

filed its motion to quash the writ. This motion was heard and denied. The respondent elected to abide by its motion and declined to plead further or submit any proofs and thereupon judgment was rendered by the circuit court in favor of the petitioner and against the respondent for costs and the respondent appeals.

The procedure in a case of this character is statutory. (Ill. Rev. Stat. 1949, chap. 79, pars. 186, 187 [Jones Ill. Stats. Ann. 71.174].) It is there provided that the judges of the courts to which appeals may be taken shall grant writs of certiorari to remove causes from before justices of the peace into their courts upon the petition of the party praying such writ. That the petition shall set forth upon the oath of the applicant, or his agent, ''that the judgment before the justice of the peace was not the result of negligence in the party praying such writ; that the judgment, in his opinion, is unjust and erroneous, setting forth wherein the injustice and error consists, and that it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing.''

In *Couch v. Illinois Cent. R. Co.*, 213 Ill. App. 429, the Appellate Court, in affirming a judgment of the lower court which quashed the writ of certiorari issued in that case, stated that the statute required the petition to set forth three facts, first, that the judgment was not the result of negligence in the party praying such writ; second, that the judgment, in his opinion, was unjust and erroneous, setting forth wherein the injustice and error consists; and, third, that it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing. ''Our courts have uniformly held,'' continues the court, ''that the three facts required by the statute must be shown by the petition, and not merely alleged as a conclusion of the

party. (*Russell v. Pickering,* 17 Ill. 31; *First National Bank of Chicago v. Beresford,* 78 Ill. 391; *Schmitt v. Edward Hines Lumber Co.,* 124 Ill. App. 319.)''

The court in the *Couch* case *supra* then quoted from *Horrell v. Horrell,* 52 Ill. App. 477, where the court, after enumerating what was necessary for the petition to show in order to authorize the issuance of a writ of certiorari to remove a cause from a justice of the peace into the circuit court for trial, said: (p. 479) ''It is not a compliance with the statute for the petitioner to state his opinion or conclusion merely. He must set forth and show the facts and permit the court to draw the conclusions therefrom. If he fails to do this as to either of the three specifications of the statute, or if the facts set forth as to either of those specifications appear insufficient to support the conclusion, the petition is fatally defective, and the order for the writ should be refused, or if granted tentatively, then the writ itself should be quashed by the Circuit Court on motion for that purpose made in apt time.''

The petition in the instant case discloses that on August 24, 1949, appellant, represented by its attorney, James L. Coburn, commenced an action before said justice of the peace to recover $463.49, which appellant alleged to be due it from appellee, Norval L. Auman; that thereafter appellee employed James R. Hansgen, an attorney at law, to appear for and represent him; that the case was set for trial for September 7, 1949, but by agreement of counsel for both parties, the cause was continued from time to time until December 27, 1949; that it was also the agreement of counsel that the cause should be continued until a settlement had been worked out or a definite time agreed upon for the trial of said action; that the attorneys representing the parties carried on negotiations for settlement through December 24, 1949; that at no time did petitioner or his attorney agree to a time for trial or agree

that the case could be heard on December 27, 1949; that on December 27, 1949, counsel for appellant appeared in the justice court and advised the justice that counsel for appellee had agreed on that date for the trial of said action, defaulted appellee's client and presented to the court an affidavit of claim upon which judgment was rendered by the justice in favor of appellant and against appellee for $463.49 and costs of suit. The petition then alleged that at no time did petitioner or his attorney agree to a time for trial or agree that the case could be heard on December 27, 1949; that it was not until February 9, 1950, that petitioner learned of the rendition of the judgment against him or learned what had transpired before the justice December 27, 1949. The petition then states: "Your petitioner further shows that there was a valid dispute as to the amount claimed by the said J. Hungerford Smith Company, matters of set-off and counterclaim, that said judgment was obtained by the said J. Hungerford Smith Company by the fraud and deceit of its attorney, James L. Coburn, and that said judgment is therefore wholly unjust and erroneous. Your petitioner therefor prays a writ of certiorari to remove the said cause from before the said justice into the said Circuit Court according to the form of the statute in such case made and provided."

The petition utterly fails to show wherein the judgment was unjust or erroneous. All that the averments in this respect amount to is that there was a valid dispute as to the amount claimed by appellant to be due from appellee. It is not sufficient to allege that the judgment obtained in the justice court is unjust and erroneous or that the fraud and deceit of the plaintiff's attorney caused its rendition. These are conclusions of petitioner. The authorities are all to the effect that petitioner must set forth wherein the injustice and error consists and disclose the facts from

398

which the court can determine that the judgment in question is unjust and erroneous. This was not done. The petitioner did not disclose the occasion of the dispute or what matters were claimed by way of setoff or counterclaim or that he was not indebted to appellant. Under the authorities, the petition in this respect was insufficient and for that reason alone the judgment must be reversed.

In *Couch v. Illinois Cent. R. Co.*, 213 Ill. App. 429, the petition for certiorari alleged that at the time suit was started before the justice, the defendant "was not and is not now indebted" to the plaintiff and that the judgment is unjust and erroneous. The court held that the petition was insufficient because it failed to state wherein the judgment was unjust and erroneous and that the allegation that petitioner was not at the time of the commencement of the action and is not now indebted to respondent did not meet the requirements of the statute. To the same effect is *Horrell v. Horrell,* 52 Ill. App. 477, and *Simpson v. Sligar,* 239 Ill. App. 484, and *Chicago World Book Co. v. Brewer,* 57 Ill. App. 526. The petition for certiorari in *Dayton Scales Co. v. Phelps,* 259 Ill. App. 43, alleged that the defendant "was not indebted to the plaintiff to any extent but that the plaintiff is indebted to the defendant," and it was there held that such allegation is not such a statement of facts as required by the statute.

We have read *Cole v. Atkinson,* 6 Ill. App. 353, *Pierce v. Wade,* 19 Ill. App. 185, *McDonald v. Williams,* 41 Ill. App. 378, and *Fisher v. Pennsylvania Company,* 118 Ill. App. 662, cases cited and relied upon by counsel for appellee, but find nothing said in any of those cases at variance with the authorities herein referred to.

The trial court erred in denying appellant's motion to quash the writ. The judgment appealed from is therefore reversed.

*Judgment reversed.*