## Elsina Wingo, Plaintiff in Error v. T. W. Ramsey, Defendant in Error.

JUDGMENTS—*when, of justice, not void.* If the hearing of a case before a justice is set for a specific hour and his docket shows that judgment was rendered at such hour, the defendant not appearing, a reviewing court will not conclude that such justice had failed to observe the established practice of waiting an hour before proceeding with the hearing.

Action commenced before justice of the peace. Error to the Circuit Court of Schuyler county; the Hon. GUY A. WILLIAMS, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed May 19, 1909.

GLASS & BOTTENBERG, for plaintiff in error.

D. L. MOURNING, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Elsina Wingo brought suit against T. W. Ramsey before H. T. Pemberton, a justice of the peace of Schuyler county, to recover upon a judgment that had been previously rendered in favor of said Wingo and against Ramsey before one W. H. Hodge, also a justice of the peace of said county, who was succeeded in office by said Pemberton. Such proceedings were had before said Pemberton as justice of the peace that an appeal was taken to the Circuit Court of said county where, upon trial being had before the court without a jury, judgment was rendered in favor of Ramsey, and against Wingo for costs of suit. Wingo sued out a writ of error.

Upon the trial it appeared that the basis of Wingo's right of recovery was a judgment alleged to have been had in Wingo's favor and against Ramsey on March 19, 1900, before said W. H. Hodge, for the sum of $35 and costs of suit. The docket which had been kept by Hodge as justice of the peace and which had come into the hands of Pemberton as his successor showed

that summons was issued in said cause on March 12, 1900, returnable on the 19th day of that month, at nine o'clock A. M.; that on that date at nine o'clock A. M. the defendant failed to appear and show cause why judgment should not be rendered; that therefore the suit being for house rent in the sum of $35 etc. it was considered and adjudged that said plaintiff (Wingo) have and recover of the said defendant (Ramsey) the sum of $35 for her demand and costs, etc.

Defendant in error, Ramsey, contended in the court below, on trial of this cause, and makes the same contention here, that the judgment which said Hodge, justice of the peace, rendered on said March 19, 1900, was inoperative and void because the docket, as he claims, shows affirmatively upon its face that the justice of the peace entered such judgment at nine o'clock A. M. without waiting at all for defendant to appear, that under the authority of the First National Bank of Chicago v. Beresford, 78 Ill. 391, it was incumbent upon the court to hold the case open for one full hour for the defendant to appear.

In determining this matter it is unnecessary to review this well-established practice in justice courts by force of which no action can be taken within the hour, for the reason that the record of the judgment involved in no way, in our judgment, runs counter to such practice.

Defendant in error argues that because the record of the judgment states that at "nine o'clock A. M. defendant failed to appear," etc. we must conclude as a matter of law the justice of the peace did not wait until ten o'clock A. M.

The weakness of the contention so made by defendant in error lies in the fact that there is nothing in the record which shows affirmatively that the justice of the peace did not wait the full hour. If he had so waited he would still have entered his judgment conformably to the return hour as established by the sum-

mons. Since the words "nine o'clock" as found in the summons have been and are construed to mean a full hour after or up to ten o'clock, such expression as found in the judgment may be safely construed to mean the same thing. Furthermore in the absence of an affirmative showing that the justice of the peace did not wait the full hour for defendant to appear, it will be presumed that he did his duty in that respect. First National Bank v. Beresford, 78 Ill. 391-394.

Defendant in error further contends that the justice of the peace, Hodge, had no power to enter the judgment on March 19, 1900, upon the statement of evidence made in said record and insists that the trial court was in error in refusing to hold his fourth proposition of law submitted upon that point. This contention seems to be wholly without merit, but even if it possessed merit, we would refuse to review it, since such fourth proposition as tendered has not been abstracted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*